Public Utilities Commission,
No. 5594.

EXETER & HAMPTON ELECTRIC COMPANY

*v.*

PUBLIC UTILITIES COMMISSION.

Argued December 5, 1967.
Decided December 29, 1967.

*Sulloway, Hollis, Godfrey & Soden* and *Lawrence E. Spellman* ( *Mr. Spellman* orally ), for the plaintiff.

*George S. Pappagianis,* Attorney General and *Robert W. Ritchie,* Attorney ( *Mr. Ritchie* orally ), for the Public Utilities Commission.

*Gerald F. Giles,* guardian ad litem for unknown owners, ( pro se ) ( by brief and orally ).

GRIFFITH, J. The petition of the plaintiff asserts that it is an appeal from the order of the defendant commission under RSA ch. 541. The petition further alleges that the specific ground on which the appeal is based is that the Commission found damages in amounts contrary to a clear preponderance of the evidence and committed various errors of law and fact.

This petition in fact constitutes a petition for writ of certiorari addressed directly to the Supreme Court to correct alleged errors committed by the Public Utilities Commission unless RSA ch. 541 authorizes this appeal.

RSA ch. 541 provides for appeals directly to the Supreme Court from orders and decisions of certain commissions including the Public Utilities Commission. However, the statute specifically limits the application of its provisions as follows:

"The provisions of this chapter shall not apply to appeals from the assessment of damages in eminent domain proceedings, but such appeals shall be taken and prosecuted as otherwise provided." RSA 541:21.

RSA 371:10 provides for an appeal to the Superior Court for an assessment of damages by a jury from any order of the Public Utilities Commission awarding damages. The two statutes together clearly provide an exclusive appeal to the Superior Court for damage awards in eminent domain proceedings by the Public Utilities Commission.

The petition is therefore addressed to the jurisdiction granted this court by RSA 490:4 to correct and prevent errors of all courts of inferior jurisdiction.

"It is familiar law, frequently reiterated, that certiorari will not be granted where an adequate remedy is available on appeal." *Dixon* v. *State,* 105 N. H. 123, 124; *State* v. *Knowlton,* 102 N. H. 221, 223; *Salem Cooperative Bank* v. *Southwick,* 102 N. H. 1, 2; *Nashua* v. *Public Utilities Commission,* 101 N. H. 503, 506; *Waisman* v. *Manchester,* 96 N. H. 50, 52. No compelling reason appears here to grant certiorari in the interest

of justice as was the case in *Cloutier* v. *State Milk Control Board,* 92 N. H. 199. Neither are we concerned primarily with an error of law but an alleged erroneous determination of issues of fact correctible solely on appeal. *Cf. Cumberland Farms* v. *Pierce,* 104 N. H. 489, 502.

The plaintiff argues that to exercise its right of appeal to the Superior Court would be expensive and we should therefore review here the action of the Public Utilities Commission. This argument was considered and rejected in *Riendeau* v. *Milford Municipal Court,* 104 N. H. 33. The rationale is clear that for this court to rule prior to the exhaustion of appeal remedies can result in additional trials and appeals which rather than expedite inexpensively may delay expensively. We have previously refused to allow intermediate appeals by way of certiorari even when the sole question is one of law ( *George* v. *Commercial Credit Corp.,* 105 N. H. 269 ) and there appears less reason to interfere with the plain language of the statute in this case.

*Petition dismissed.*

All concurred.