Original
No. 7044

STATE OF NEW HAMPSHIRE

v.

NEW HAMPSHIRE RETAIL GROCERS ASSOCIATION, INC.

November 28, 1975

*Warren B. Rudman,* attorney general, and *Richard V. Wiebusch* attorney *(Mr. Wiebusch* orally), for the State.

*Stanley M. Brown* and *Michael P. Hall (Mr. Hall* orally) for the defendant.

DUNCAN, J. New Hampshire Retail Grocers Association, Inc. (Grocers) seeks by this petition for writ of certiorari to quash an interlocutory discovery order of the Superior Court *(Dunfey,* J.) in an action by the State against the association for alleged violations of the state antitrust statute. RSA 356:1 I, III, IV. Defendant Grocers is a statewide incorporated association of merchants engaged in the retail distribution of products sold in food stores. Under authority of RSA 356:10 (Supp. 1973), the attorney general on October 29 and November 13 of 1973, issued subpoenas duces tecum to John Dixon, as the executive director of Grocers, commanding him to appear and to testify as to attempts by the association to coerce manufacturers and distributors to refrain from offering fresh baked goods for sale in so-called "thrift stores" in this State; and to produce specific

documents. The thrift stores were operated by certain whole-sale manufacturers and distributors of bakery products for the sale at below retail prices of goods that could no longer be marketed in retail stores as "fresh", as well as of some fresh baked goods.

Dixon did not respond to the subpoenas on the advice that they were unconstitutional and invalid. The State then brought an equity action seeking injunctive relief and civil penalties, as provided by RSA 356:4-a and :4-b (Supp. 1973). Although RSA 356:10 IV (Supp. 1973) authorizes specific procedures for the enforcement of civil subpoenas issued under RSA 356:10 I to III, the State elected to proceed by formal action, and abandoned its subpoenas in favor of a motion pursuant to Superior Court Rule 41 (RSA 491: App. R. 41 (Supp. 1973)) to compel the association to produce for inspection and copying certain specified documents including those relating to the sale of fresh baked goods in thrift stores. Defendant Grocers opposed the motion on the grounds that it was in furtherance of an unconstitutional statute in that the "civil" penalty provided was in effect a criminal sanction without the necessary criminal procedural safeguards, and because such action was foreclosed by the procedures established by RSA 356:10 IV (Supp. 1973).

After hearing and the filing of substantial memoranda by the parties, the Court (*Dunfey,* J.) ruled that the State was not required to exhaust its remedies under RSA 356:10 (Supp. 1973), that section being merely an extension of the State's authority to act before initiating formal proceedings, and not an exclusive remedy once suit has been commenced. Accordingly, on March 25, 1974, the State's motion to compel discovery was granted. The defendant excepted to the order and rulings and filed a proposed reserved case to transfer the matter to this court. In opposition to the requested transfer the State filed a motion to prohibit an interlocutory appeal. A hearing was held, and on July 26, 1974, the State's motion was granted by *Dunfey,* J. The defendant thereupon excepted and filed a proposed reserved case for transfer of the issue of the validity of the July 26 order. The State, in turn, filed a second motion to prohibit an interlocutory appeal. Following a hearing on that motion, the Court (*Dunfey,* J.) on September 27, 1974, granted the State's second motion. The defendant then brought this petition for a writ of certiorari, alleging that the superior court exceeded its jurisdiction in issuing its September 27 order, which would effectively preclude an immediate interlocu-

tory review of the March 25 discovery order. The petition challenges the discovery order as being an abuse of discretion, in that the court failed to rule upon the constitutional issues raised by the defendant, and seeks the exercise by this court of its superintending powers. RSA 490:4.

Under RSA 490:4 (Supp. 1973), this court is entrusted with the general superintendence of all courts of inferior jurisdiction, including the authority to "prevent and correct errors and abuses ... with respect to such courts". Thus, the court may issue original writs of certiorari to determine whether a tribunal has acted illegally as to matters of jurisdiction, authority, or observance of the law. RSA 490:4 (Supp. 1973); *Willis v. Wilkins,* 92 N.H. 400, 403, 32 A.2d 321, 323 (1943); *Cloutier v. State Milk Control Board,* 92 N.H. 199, 203, 28 A.2d 554, 557 (1942). Such redress is not available as of right, but at the discretion of the court. *George v. Commercial Credit Corp.,* 105 N.H. 269, 271, 197 A.2d 212, 214 (1964); *Dinsmore v. Mayor and Aldermen,* 76 N.H. 187, 191, 81 A. 533, 535 (1911). Certiorari is an extraordinary summary power which is to be exercised sparingly and only when the substantial ends of justice require such relief. *Gallo v. Century Broadcasting,* 114 N.H. 810, 330 A.2d 780 (1974); *George v. Commercial Credit Corp. supra; Nashua v. Public Utilities Comm'n,* 101 N.H. 503, 148 A.2d 277 (1959). It will not ordinarily issue where there is an ample and convenient remedy by appeal. *Dixon v. State,* 105 N.H. 123, 193 A.2d 890 (1963); *Nashua v. Public Utilities Comm'n supra; Waisman v. Manchester,* 96 N.H. 50, 69 A.2d 871 (1949).

The essence of Grocers' petition is that the March 25, 1974 discovery order should have been immediately reviewable, since if RSA 356:4-a (Supp. 1973) in fact provides for sanctions which are criminal in nature, the association is entitled to the constitutional rights of a criminal defendant and the rights of its officers against self-incrimination are threatened. (U.S. CONST. amend. V; N.H. CONST. pt. I, art. 15). Conceding that it has a right to be heard by this court on a bill of exceptions properly filed after a trial on the merits (RSA 490:10), Grocers nonetheless argues that post-litigation review will not afford it adequate relief. It also urges that a preliminary determination of the civil or criminal character of RSA 356:4-a (Supp. 1973) will resolve myriad problems relating to the necessity of indictment, right to a jury trial, burden of persuasion, and right of appeal by the State and thereby expedite the trial on the merits. However efficacious such a determination

might ultimately prove, the scope of inquiry on this petition for certiorari is limited to whether the tribunal to which the writ would be directed has acted illegally, or without jurisdiction. *Opinion of the Justices,* 98 N.H. 533, 536, 104 A.2d 195, 197 (1954); *Cloutier v. State Milk Control Board,* 92 N.H. 199, 203, 28 A.2d 554, 557 (1942).

Additionally, it is clear that the transfer of questions in advance of final decision rests in the discretion of the trial court. RSA 490:9; Fourth Report of N.H. Judicial Council at 33 (1952); *Calderwood v. Calderwood,* 115 N.H. 550, 345 A.2d 166 (1975). Therefore, the only issue presented is whether compliance with the March 25, 1974 discovery order would constitute such prejudice to Grocers that it could not obtain ample relief by a bill of exceptions, following trial, so that the trial court should be deemed to have abused its discretion by not allowing immediate transfer.

Where it would be difficult after trial to right the deleterious effects of discovery orders which have already exposed privileged matters, courts generally have recognized the importance of early review of such orders when privilege is claimed in good faith. *See Rudnick v. Superior Ct.,* 11 Cal. 3d 924, 523 P.2d 643 (1974); *Cirale v. 80 Pine Street Corp.,* 35 N.Y.2d 113, 316 N.E.2d 301, 359 N.Y.S.2d 1 (1974). In the instant action, however, irreparable harm cannot occur to Grocers from compliance with the discovery order. Regardless of the underlying civil or criminal nature of RSA 356:4-a (Supp. 1973), Grocers as a group-interest association has no assertable privilege against self-incrimination. The privilege against self-incrimination, being strictly personal, may not be invoked by corporations or organizations whose character is essentially impersonal; being that of advancing the common interests of its constituent members. *United States v. White,* 322 U.S. 694, 699 (1944); *State v. Cote,* 95 N.H. 108, 58 A.2d 749 (1948); *Super X Drugs of Texas, Inc. v. State,* 505 S.W.2d 333 (Tex. Civ. App. 1974); *see Campbell Painting Corp. v. Reid,* 392 U.S. 286 (1968); Note, *The Constitutional Rights of Associations to Assert the Privilege Against Self-Incrimination,* 112 U. Pa. L. Rev. 394 (1964).

Against a heavy weight of authority (Annot., 52 A.L.R.3d 636 (1973)), Grocers itself concedes that it can claim no privilege against disclosure of its corporate records. It nevertheless seeks to exercise the privilege on behalf of its executive director, and other officers of the association. This it cannot do. *Hale v. Henkel,* 201 U.S. 43, 69-70 (1906); *State v. Cote supra;* 8 J. Wigmore, Evidence

§ 2259, at 352 (McNaughten rev. ed. 1961). Moreover, RSA 356:6 withdraws the testimonial privilege which the individual officers and members might otherwise assert to protect themselves against personal liability. *See Murphy v. Waterfront Comm'n,* 378 U.S. 52 (1964). In any event, they cannot assert it merely to insulate the association. A corporation cannot stand behind the shield of its officers' privilege. *United States v. Kordel,* 397 U.S. 1 (1970); *United States v. Ellsworth,* 460 F.2d 1246, 1248 (9th Cir. 1972); *see* Annot., 52 A.L.R.3d 636 (1973). It may be required to "appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation." *United States v. Kordel, supra* at 8, quoting from *United States v. 3963 Bottles... of... "Enerjol Double Strength",* 265 F.2d 332, 336 (7th Cir. 1959), *cert. denied,* 360 U.S. 931 (1959).

Not being constitutionally privileged from the discovery of its corporate records, nor being able to assert the privilege on behalf of its individual officers, Grocers as an impersonal entity could suffer no irreparable harm from the challenged discovery. In refusing to make an immediate transfer, the trial court was clearly within its jurisdiction, and committed no abuse of discretion. Since, under these circumstances, any alleged errors incident to the discovery order can be fully and conveniently examined after trial, the writ ought not to issue.

*Petition denied.*

All concurred.