Original
No. 7087

NEWTON TRUCK RENTAL CORPORATION

v.

STATE OF NEW HAMPSHIRE

October 29, 1976

*Hall, Morse, Gallagher & Anderson* and *Robert E. K. Morrill (Mr. Morrill* orally) for the plaintiff.

*David H. Souter,* attorney general, and *John L. Ahlgren,* assistant attorney general *(Mr. Ahlgren* orally), for the State.

LAMPRON, J.   Petition for a writ of certiorari seeking a review of the refusal of the division of motor vehicles of this State to refund to the plaintiff any portion of the registration fees paid for its trucks for the year commencing April 1, 1974, and ending March 31, 1975.

There being no statutory provision for an appeal from such a refusal, certiorari is available if found warranted. RSA 490:4; *Exeter & Hampton Electric Co. v. Public Utilities Commission,* 108 N.H. 358, 236 A.2d 486 (1967). The scope of review thereunder is limited to a determination of whether the division of motor vehicles has acted "illegally in respect to jurisdiction, authority or observance of the law . . . ." *Landaff School Dist. v. State Bd. of Educ.,* 111 N.H. 317, 318, 282 A.2d 678, 679 (1971).

As it had done in prior years, plaintiff paid for and obtained

from the town of Hudson permits to register its thirty-two trucks for the year commencing April 1, 1974, and ending March 31, 1975. Plaintiff then registered those vehicles with the division of motor vehicles for the same period paying registration fees in the amount of $5,834.48. During the summer of 1974, plaintiff was notified by the Massachusetts Department of Motor Vehicles that it was required to register its vehicles in that Commonwealth. Thereafter, because its vehicles were not registered in New Hampshire after August 1, 1974, plaintiff twice requested a refund of two-thirds of the registration fees it had paid for that year. Its requests were refused by the division of motor vehicles on the ground that there are no provisions in the New Hampshire statutes for the proration of registration fees.

Regulations pertaining to the registration of motor vehicles are entirely statutory. 60 C.J.S. *Motor Vehicles* § 101 (1969); 7 Am. Jur. 2d *Automobiles and Highway Traffic* §§ 50, 54 (1963). It follows that in order to be entitled to a refund under these circumstances the plaintiff must point to statutory authorization directing or permitting it. To that end, plaintiff refers to RSA 260:25-a (Supp. 1975), which reads as follows: "Refunds. No portion of any permit fee once paid shall be repaid to any person, provided that in a case where the director acting under the authority of law shall have refused upon original application for the registration period to register the motor vehicle to which the permit relates, the town clerk, upon application therefor, shall refund the said permit fee. The exception provided in this section shall not apply to a permit fee made up in whole or in part of transfer credits."

Plaintiff argues that since the process of registering motor vehicles consists of obtaining a permit for registration from the city or town where the owner resides and paying the required fee (RSA 260:22, :27 (Supp. 1975)) followed by applying to the division of motor vehicles for a registration certificate and paying that fee (RSA 260:1, 262:1 (Supp. 1975)), these statutes should be construed together and harmonized. 73 Am. Jur. 2d *Statutes* § 187 (1974); R. Dickerson, The Interpretation and Application of Statutes 109 (1975); *see State v. Woodman,* 114 N.H. 497, 500, 323 A.2d 921, 923-24 (1974).

Such a procedure leads to the conclusion that RSA 260:25-a (Supp. 1975), which provides that no portion of any permit fee once paid shall be repaid except in the one limited situation, was not intended to authorize a refund of registration fees when paid in the ordinary course and when certificates were received and

used for four months but were given up because of a request from another State that the truck be registered there. We hold that there being no statutory authority for refunding any portion of the registration fees paid by the plaintiff, the director of the division of motor vehicles properly refused to accede to plaintiff's requests.

*Petition dismissed.*

Bois, J., did not sit; the others concurred.