Original
No. 7646
No. 7663

ROBERT LEE BELL

v.

THE STATE OF NEW HAMPSHIRE SUPERIOR COURT
SENTENCE REVIEW DIVISION

DANIEL WILLIAMS

v.

THE STATE OF NEW HAMPSHIRE SUPERIOR COURT
SENTENCE REVIEW DIVISION

May 31, 1977

*Larry B. Pletcher*, of Manchester, by brief and orally, for Robert Bell and Daniel Williams.

*David H. Souter,* attorney general, and *Robert V. Johnson II,* assistant attorney general (*Mr. Johnson* orally), for the Sentence Review Division.

GRIMES, J. The issues in these petitions for certiorari are whether the superior court sentence review division (RSA 651:57–61 (Supp. 1975)) may constitutionally increase a petitioner's sentence and, if so, may sentences be increased without a statement of reasons therefor.

Plaintiff Bell was found guilty after a jury trial of the class A felony of escape with force. RSA 642:6 III (Supp. 1975), I, II. He was sentenced by *King,* J., to not less than four years nor more than ten years in the state prison. He applied for a review of his sentence by the sentence review division which after hearing increased the minimum sentence to five years but did not modify the maximum.

Plaintiff Williams pleaded guilty to the class B felony of theft. RSA 637:3, :11. He was sentenced by *Keller,* C.J. to not less than eighteen months nor more than five years. He applied for a review of the sentence and after hearing, the sentence review division increased the maximum sentence to seven years but did not modify the minimum.

Both Bell and Williams filed petitions for writs of certiorari in this court claiming that the action of the sentence review division violated their due process rights.

■ We deal first with the threshold question raised by the defendant whether the cases warrant consideration by this court. No appeal is provided from the sentence review division. However, both plaintiffs allege violation of their constitutional rights by the division and we consider their claims on certiorari. *State v. N.H. Retail Grocers Ass'n,* 115 N.H. 623, 348 A.2d 360 (1975).

Plaintiffs claim that under the principles of *North Carolina v. Pearce,* 395 U.S. 711 (1969), *Colten v. Kentucky,* 407 U.S. 104 (1972), and *Blackledge v. Perry,* 417 U.S. 21 (1974), the sentence review division may not increase sentences. The claim is that the possibility of increased sentences chills the right of appeal and creates a realistic likelihood of vindictiveness, all of which violate due process. However, plaintiffs cite no cases where these principles have been applied to prevent increased sentences in sentence review proceedings. *North Carolina v. Pearce supra* ruled out in-

creased sentences after a successful appeal and reconviction except where based on conduct of defendant since the first sentence. This was to prevent the use of increased sentences to discourage appeals or because of vindictiveness.

■ *Colten v. Kentucky supra* permitted increased sentences after an appeal and trial de novo because the factors creating a likelihood of vindictiveness were not present. *Blackledge v. Perry supra* held that the filing of a felony charge by the prosecution after a de novo appeal from a misdemeanor charge violated due process by penalizing the right of appeal. None of these cases, however, stands as a barrier to increased sentences in sentence review proceedings where the appropriateness of the sentence is the very subject of the appeal initiated by the prisoner himself, who is given adequate notice that the board may find the sentence is too short as well as too long. *Robinson v. Warden, Maryland House of Correction,* 455 F.2d 1172 (4th Cir. 1972). The Massachusetts procedure which is similar to ours and which authorizes increases as well as decreases in sentences was upheld in *Walsh v. Picard,* 446 F.2d 1209 (1st Cir. 1971). We find nothing in our procedures which creates any realistic likelihood of vindictiveness and reject the plaintiffs' argument.

■ Plaintiffs also contend that even assuming that increased sentences by the board do not per se violate due process, such increases do violate due process if there is not a statement of reasons which justify the increase. Contrary to plaintiffs' contention, increased sentences in sentence review proceedings do not have to be based on events occurring after the original sentence. That rule, stated in *North Carolina v. Pearce supra,* relates to a second sentence after an appeal on the merits and a retrial. It does not apply to these proceedings where it is the appropriateness of the original sentence which is the very issue on the appeal. *Walsh v. Picard supra.* Subsequent to these hearings in August 1976, this court has approved rule 20 of the sentence review division rules effective December 30, 1976, which provides for statements of reasons, but this does not enlarge the requirement into a constitutional right of the prisoner.

*Petitions dismissed.*

DOUGLAS, J., having served on the sentence review division in these cases, did not sit; the others concurred.