Original
No. 93-627

PETITION OF RONALD TURGEON

July 27, 1995

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the petitioner.

*Jeffrey R. Howard*, attorney general (*Mark D. Attorri*, assistant attorney general, on the brief and orally), for the State.

THAYER, J. The petitioner, Ronald Turgeon, seeks a writ of certiorari challenging the sentence review division's decision upholding a sentence imposed by the Superior Court (*O'Neil*, J.). He argues that the sentence is illegal under RSA 651:6 (1986) and that it violates double jeopardy. We deny the petition.

In 1989, the petitioner was convicted of felonious sexual assault, a class B felony, RSA 632-A:3 (1986), and indecent exposure, a misdemeanor, RSA 645:1 (1986). He was sentenced to an extended term of imprisonment, pursuant to RSA 651:6 (1986), of ten to thirty years for the felony. The trial court imposed the extended sentence because the petitioner had twice previously been imprisoned on a sentence in excess of one year, RSA 651:6, I(c), and he had committed a crime defined in RSA chapter 632-A against a person under thirteen years of age, RSA 651:6, I(f). Additionally, the trial court sentenced the petitioner to a consecutive term of two to five years for the misdemeanor. The petitioner appealed the decision to the sentence review division (division). *See* RSA 651:58 (1986). The division affirmed the petitioner's felony sentence and reduced his misdemeanor sentence to twelve months in the house of corrections.

"Certiorari is an extraordinary remedy and is not granted as a matter of right but rather at the discretion of the court when the substantial ends of justice require such relief." *Melton v. Personnel Comm'n*, 119 N.H. 272, 277, 401 A.2d 1060, 1063 (1979) (quotation omitted). "[T]he court may issue original writs of certiorari to determine whether a tribunal has acted illegally as to matters of jurisdiction, authority, or observance of the law." *State v. N.H. Retail Grocers Ass'n*, 115 N.H. 623, 625, 348 A.2d 360, 362 (1975). "[C]ertiorari will not be granted where an adequate remedy is available on appeal." *Exeter & Hampton Electric Co. v. Public Utilities Commission*, 108 N.H. 358, 359, 236 A.2d 486, 488 (1967) (quotation omitted).

The petitioner argues that the actions of the division were illegal because he did not qualify for an extended sentence under RSA 651:6. Specifically, he argues that he had not twice previously been imprisoned on sentences in excess of one year, and that the extended sentence based on the victim's age constitutes double punishment and violates double jeopardy.

The division is an administrative tribunal consisting of three members who are either superior court justices, senior justices, or retired superior court justices. RSA 651:57 (Supp. 1994). It has limited jurisdiction, which empowers it "to review [a trial court] judgment insofar as it relates to the sentence imposed; . . . to amend the judgment by ordering substituted therefor a different appropriate sentence . . .; or to make any other disposition of the case which could have been made at the time of the imposition of the sentence." RSA 651:59 (1986). The division's scope of review is limited to "[t]he excessiveness or lightness of the sentence . . ., the protection of the public interest and safety, and the character of the offender; [and] [t]he manner in which the sentence was imposed, including the sufficiency and accuracy of the information before the sentencing court." SUPER. CT. SENTENCE REV. DIV. R. 22(a).

The petitioner argues that the division acted illegally in upholding the trial court's sentence because the original sentence was unconstitutional and because the trial court erred as a matter of law in finding that the petitioner twice previously had been imprisoned. Even assuming that the petitioner is correct, he is not entitled to a writ of certiorari.

■■ The jurisdiction of the division is limited. While it can review "the sufficiency and accuracy of the information before the sentencing court," SUPER. CT. SENTENCE REV. DIV. R. 22(a), it is not empowered to determine the constitutionality of a sentence. *See* RSA 651:59. The division could review the petitioner's sentence to determine if there was sufficient evidence of two prior convictions, but it was not empowered to determine whether the imposition of an extended sentence based on the victim's age violated double jeopardy. As the age enhancement would have justified the sentence imposed by the trial court, the division was not empowered to alter the sentence. *See* RSA 651:59; SUPER. CT. SENTENCE REV. DIV. R. 22(a).

■ The legislature created the division to address a perceived inconsistency in sentencing within the State. N.H.S. JOUR. 535 (1975). The legislature intended the division "to make sure that the same crime fits the same sentence." *Id.* Appeal to the division has not replaced a criminal defendant's right to appeal trial court errors to this court; it simply provides an additional arena for defendants to seek redress.

█ Because alternative adequate means of challenging the constitutionality or legality of a sentence exist, granting certiorari in a case such as this would be inappropriate.

*Petition denied.*

All concurred.