HORTON, J., dissenting: Because I believe the issues on appeal are arbitrable, I respectfully dissent.

Original
No. 96-641

IN RE RYAN G.

March 10, 1998

*Harvey & Mahoney, P.A.*, of Manchester (*J. Campbell Harvey* on the brief and orally), as guardian ad litem for Ryan G.

*Jeffrey R. Howard*, attorney general (*Ann F. Larney*, assistant attorney general, on the brief and orally), for the State.

THAYER, J. This case arose from a decision by the New Hampshire Division for Children, Youth, and Families (DCYF) not to certify a particular youth facility as an appropriate residential placement for a minor, Ryan G. (Ryan). The guardian ad litem (GAL) challenged the DCYF denial by petition for writ of certiorari. We denied the writ and remanded to the district court for issuance of an appropriate placement order.

This case presents a complicated procedural and factual history. We need address only certain aspects of it here. Ryan suffers from severe psychological and behavioral problems. He is both a victim of sexual abuse and a sexual offender. The State has had Ryan in its care since 1992 and has placed him in a number of residential homes. This case involves a disagreement between the GAL and DCYF over the appropriate placement facility where Ryan may receive care and treatment. The GAL argues that the only proper facility is The Pines Residential Treatment Center (The Pines) located in southern Virginia. DCYF asserts that an appropriate facility, the Stetson School (Stetson), exists in Massachusetts. Under our statutory scheme, DCYF certification of a facility is a prerequisite to placing a child in the facility, where the State funds the placement. *See* RSA 170-G:4, XVIII (Supp. 1997); RSA 169-B:40 (1994 & Supp. 1996) (amended 1997); RSA 169-C:27 (1994 & Supp. 1996) (amended 1997); RSA 169-D:29 (1994 & Supp. 1996) (amended 1997). If a facility is certified under RSA 170-G:4, XVIII, the State pays for the services it provides. *See* RSA 169-C:27, I(a). DCYF certified Stetson; it refused to certify The Pines. This petition for writ of certiorari concerns DCYF's decision not to certify The Pines.

Upon a motion by the GAL, the Goffstown District Court (*Lawrence*, J.) ordered that Ryan be placed at The Pines and that DCYF "take all necessary steps" to certify The Pines. DCYF unsuccessfully appealed that order to the Juvenile Dispositional Review Panel. *See* RSA ch. 169-G (Supp. 1996) (amended 1996). DCYF then filed a petition for writ of certiorari in the superior court. The Superior Court (*Galway*, J.) granted DCYF's petition and ordered the district court to make an appropriate placement at a facility certified pursuant to RSA 170-G:4, XVIII. The GAL then appealed to this court. We vacated the superior court's order and remanded the case to the district court for a hearing on why The Pines was not certified. We retained jurisdiction, and following the district court hearing, remanded the case to DCYF, instructing it to undertake the certification review process giving proper weight to the district court's order mandating placement at The Pines. DCYF complied but again denied The Pines certification. The GAL then

filed the instant petition for writ of certiorari in order to challenge DCYF's determination. We previously denied, by order, the GAL's petition and remanded the case to the district court for issuance of an appropriate placement order. This opinion explains our denial.

The district court has the authority to order an appropriate *placement* for a child. *See* RSA 169-C:19-:24 (1994 & Supp. 1997). DCYF, however, has the exclusive power to *certify* placement facilities. *See* RSA 170-G:4, XVIII. Accordingly, we must decide the appropriate outcome when a district court's placement order conflicts with DCYF's decision not to certify. We need not address the district court's authority to select placement for a child from among certified facilities.

We hold, as an initial matter, that under the circumstances of this case, this issue is properly reviewable by petition for writ of certiorari to this court. *See* SUP. CT. R. 11; *Petition of Strandell*, 132 N.H. 110, 111, 562 A.2d 173, 174 (1989) (reviewing agency procedure by writ of certiorari); *see also Williams v. City of Dover*, 130 N.H. 527, 529, 543 A.2d 919, 921 (1988).

"Certiorari is an extraordinary remedy and is not granted as a matter of right but rather at the discretion of the court." *Petition of Turgeon*, 140 N.H. 52, 53, 663 A.2d 82, 82 (1995) (quotation omitted); *see* 5 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1284, at 162 (1984). We exercise our power to grant the writ sparingly and only where to do otherwise would result in substantial injustice. *See* WIEBUSCH, *supra* at 164. Our standard· of review is narrow and highly deferential. "Certiorari review . . . is limited to whether the agency acted illegally with respect to jurisdiction, authority or observance of the law, whereby it arrived at a conclusion which could not legally or reasonably be made, or abused its discretion or acted arbitrarily, unreasonably, or capriciously." *Appeal of Dell*, 140 N.H. 484, 488, 668 A.2d 1024, 1029 (1995) (quotation, brackets, and ellipsis omitted). If DCYF's decision not to certify The Pines rests on legitimate grounds or "is not so lacking in reason that it constitutes an abuse of discretion," we will not tamper with it. *Melton v. Personnel Comm'n*, 119 N.H. 272, 280, 401 A.2d 1060, 1065 (1979).

The GAL asserts that DCYF erred in its refusal to certify The Pines. Under our statutory scheme, DCYF has the "power and duty" to certify appropriate placement facilities upon consideration of two components. RSA 170-G:4, XVIII. DCYF must consider "standards of quality and performance" and "the need the state may have for such service, placement or program." *Id.*

■■ DCYF cites several factors, under both components of the certification test, in support of its refusal to certify The Pines. Among those factors, DCYF cites the additional cost of sending Ryan to The Pines as opposed to another facility. Under the statutory scheme, DCYF may properly consider cost. *See* Laws 1987, 402:27 ("The aims of such certification should be to . . . prevent unreasonable cost increases, and to allow for efficient use of available resources."). Due to the simple fact that State resources are limited, DCYF may reasonably direct how funds are expended. *See Strandell*, 132 N.H. at 119-20, 562 A.2d at 178-79. According to DCYF, The Pines costs over $17,000 per year more than the next most expensive certified, New Hampshire-area facility. Indeed, the cost may even exceed that amount. Some DCYF estimates project The Pines will cost over $32,000 per year more than any regional facility. We conclude that DCYF's consideration of the cost of sending Ryan to The Pines provided a legitimate basis for refusing certification. While a contrary outcome would not contradict reason, our standard of review will not permit us to conclude that DCYF's concerns over cost were arbitrary, unreasonable, capricious, or otherwise invalid. *See Melton*, 119 N.H. at 280, 401 A.2d at 1065. Furthermore, in this case DCYF did not base its decision only on cost.

DCYF also based its refusal to certify The Pines on the location of the facility, in other words, the distance of The Pines from New Hampshire. The Pines is located in Portsmouth, Virginia, thus making DCYF monitoring, family involvement, and visitation with Ryan more arduous. The proximity of a placement facility to New Hampshire constitutes a reasonable consideration for DCYF. *Cf.* RSA 169-C:19(b) (in-state placements are presumed the least restrictive and most appropriate). On the record before us, we conclude that DCYF did not act arbitrarily or capriciously when it denied certification based in part on the distance of The Pines from New Hampshire.

■ The GAL raises other substantive concerns with DCYF's decision-making process. The GAL argues that DCYF acted arbitrarily, capriciously, or otherwise invalidly in its consideration of additional factors under the RSA 170-G:4, XVIII test. Those additional factors include The Pines' admission procedures and the composition of its resident population. In light of the resolution of the foregoing issues and review of the GAL's additional considerations, we conclude that DCYF's decision was not arbitrary, capricious, or unreasonable. *Melton*, 119 N.H. at 280, 401 A.2d at 1065; *cf.*

*Appeal of Nationwide Ins. Co.*, 120 N.H. 90, 94-95, 411 A.2d 1107, 1110 (1980) (reasoning that because the strength of other factors permitted a certain outcome, erroneous consideration of one factor did not amount to prejudice warranting reversal or remand). "The doctrine that error must be prejudicial to be reversible applies to decisions of an administrative agency." *Appeal of Nationwide*, 120 N.H. at 94, 411 A.2d at 1110.

The GAL also argues that the doctrine of law of the case bars DCYF from asserting that it can deny certification based, in any way, on State need, the second component of RSA 170-G:4, XVIII. The doctrine of law of the case, as applied here, refers to the preclusive effect given to any "question[ ] once decided on appeal to this court," *Taylor v. Nutting*, 133 N.H. 451, 454, 578 A.2d 347, 348 (1990) (quotation and brackets omitted), in later stages of the litigation. Such decisions become binding on the parties, and we will not reexamine them "in the same case upon a subsequent appeal." *Id.* (brackets omitted). Specifically, the GAL argues that language in a previous order of this court, referring to an absence of factual support in the record justifying DCYF's refusal to certify The Pines, precludes further review of the certification issue.

 We did, in fact, issue an order requiring DCYF to undertake a proper certification review in this case. Noticing a lack of factual basis and clarity in the decision making, we ordered DCYF to undertake a proper certification review and to report its results "in such form as will permit review by the parties, and by this court on certiorari." We did not, however, hold that DCYF could not factually support its decision not to certify based, in part, on State need. Instead, we remanded the matter to DCYF to "undertake a certification review of the Pines, in accordance with RSA 170-G:4, XVIII," and have it give "proper weight" to the district court's placement order. Thus, we did not finally decide a question related to State need, but rather instructed DCYF to perform certification review and prepare an adequate report of the results. Accordingly, we conclude that the GAL's arguments based on law of the case, and her related arguments based on collateral estoppel and res judicata, are unpersuasive. *See Germain v. Germain*, 137 N.H. 82, 84, 623 A.2d 760, 761 (1993); *Petition of Donovan d/b/a Donovan Group Home*, 137 N.H. 78, 81, 623 A.2d 1322, 1324 (1993). Because DCYF properly considered factors relating to its statutory mandate, *see* RSA 170-G:4, XVIII, and because its determination not to certify The Pines fell within the range of its reasonable discretion, we denied the GAL's petition for writ of certiorari and remanded this

case to the district court for issuance of an appropriate placement order.

For the above reasons, our order in this case was

*Petition denied; case remanded.*

All concurred.