Hillsborough-southern judicial district
No. 2001-557

## THE STATE OF NEW HAMPSHIRE

v.

## RONALD MCLELLAN

Argued: January 15, 2003
Opinion Issued: March 14, 2003

*Philip T. McLaughlin*, attorney general (*Karen E. Huntress*, attorney, on the brief and orally), for the State.

*David M. Rothstein*, deputy chief appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Ronald McLellan, was convicted of aggravated felonious sexual assault, *see* RSA 632-A:2, I(j)(1) (1996), and four counts of misdemeanor sexual assault, *see* RSA 632-A:4 (1996). He

argues that the trial court found at his initial sentencing hearing that the State had failed to prove beyond a reasonable doubt that he had two prior aggravated felonious sexual assault convictions and that this finding precluded the State from seeking an enhanced sentence on remand. We affirm.

The relevant facts are not in dispute. The defendant was convicted after a jury trial in Superior Court (*Dalianis*, J.). At the sentencing hearing, the State introduced certified copies of prior convictions of Ronald A. McLellan as evidence of the defendant's prior convictions, as well as probation reports from both the prior cases and the present case. The defendant moved to strike the allegations of prior convictions on the grounds that the evidence was insufficient to prove, beyond a reasonable doubt, that he was the same Ronald A. McLellan who had been convicted previously. The court denied his motion, noting that the sentencing judge "is not bound by the same burden" as the jury, and that at sentencing, the evidence is evaluated "as a matter of sufficiency or probability." The court then concluded that

> all the information I had presented to me suggests that it's Ronald A. McLellan, born in June of 1943 — June 30[th] of 1943 in North Conway, New Hampshire, living variously here and there over the course of his life. Although I can't take judicial notice that there was no other Ronald McLellan born in town on that date, I think it is fair to say that the probabilities favor that notion so I'm prepared to find that it's the same person and the convictions are sufficient for moving forward.

The trial court then enhanced the defendant's sentence, pursuant to RSA 632-A:10-a, III (1996), based upon its finding that the defendant's aggravated felonious sexual assault conviction was his third, and sentenced him to life in prison without parole.

The defendant appealed his convictions and his sentence, arguing, in pertinent part, that the trial court had applied the wrong standard of proof in determining whether he had two prior convictions for sentencing purposes. *See State v. McLellan*, 146 N.H. 108, 110 (2001). We held that "the Due Process Clause of the New Hampshire Constitution requires proof beyond a reasonable doubt of prior convictions used to enhance a defendant's sentence to life imprisonment without parole under the provisions of RSA 632-A:10-a, III," vacated the defendant's sentence, and remanded for resentencing under the appropriate standard. *Id.* at 114-15. We did not reach the defendant's argument that the State had failed to present sufficient evidence to prove that he had been twice previously convicted of aggravated felonious sexual assault. *Id.* at 115.

On remand, the defendant moved to bar the State from offering evidence of prior convictions. He argued that the trial court at the initial sentencing hearing had effectively found that the State did not prove the prior convictions beyond a reasonable doubt. Therefore, double jeopardy and collateral estoppel principles precluded the State from attempting to prove on remand that he had been twice previously convicted of aggravated felonious sexual assault. The Trial Court (*Groff*, J.) denied the defendant's motion, stating:

> This is not a case where the court found that the evidence in this case was insufficient. What they found was that [the trial judge] erred by applying the wrong standard of proof .... Furthermore, there is absolutely no double jeopardy involved here or collateral estoppel issue or any other issue of law I can think about that prevents the Court from doing what the Supreme Court has asked us .... Just like in any other case where some error of law is made and the defendant gets the right to have the matter reheard. It's not a question of double jeopardy.

The court also found that

> [the trial judge] didn't say anything about whether there's sufficient evidence to show beyond a reasonable doubt or not. She just simply found all I gotta do is find by a preponderance of the evidence. I think the evidence here is sufficient. There's nowhere in that transcript that indicates in any way that somehow she determined or found that it didn't satisfy beyond a reasonable doubt.

The trial court then allowed the State to introduce witnesses and evidence that it had not presented at the initial sentencing hearing. The court found that the State proved beyond a reasonable doubt that the defendant had been twice previously convicted of aggravated felonious sexual assault and sentenced him to serve the mandatory sentence of life imprisonment without parole.

On appeal, the defendant argues that the Double Jeopardy Clause of the New Hampshire Constitution precluded the State from seeking an enhanced sentence on remand because the trial court at the initial sentencing hearing found that the State had failed to prove beyond a reasonable doubt that the defendant had two prior aggravated felonious sexual assault convictions. The defendant concedes that to prevail on appeal, he must establish: (1) that the trial court at the first sentencing hearing found that the State had not proven the prior convictions beyond a reasonable doubt; and (2) that the New Hampshire Constitution's Double

Jeopardy Clause bars the State from seeking a sentence of life imprisonment without parole.

We will assume without deciding that the trial court at the first sentencing hearing found that the State had not proven the prior convictions beyond a reasonable doubt, and consider whether the New Hampshire Constitution's Double Jeopardy Clause bars the State from seeking a sentence of life imprisonment without parole. Because this issue poses a question of constitutional law, we will review the matter *de novo*. *See State v. Paulsen*, 143 N.H. 447, 449 (1999). Furthermore, because the defendant's argument rests solely on Part I, Article 16 of the New Hampshire Constitution, we will not engage in a separate federal analysis, but will cite federal authority as an aid to our analysis under the State Constitution. *See State v. Landry*, 146 N.H. 635, 636 (2001).

■ Part I, Article 16 of the New Hampshire Constitution provides that "no subject shall be liable to be tried, after an acquittal, for the same crime or offense." Thus, double jeopardy bars the State from pursuing a second prosecution stemming from the same conduct or events charged in a previous prosecution if the charges constitute the same offense. *State v. Nickles*, 144 N.H. 673, 676-77 (2000). If the State fails to prove any element of an offense beyond a reasonable doubt, the Double Jeopardy Clause bars a successive attempt to prove the element. *Cf. State v. Moses*, 128 N.H. 617, 620 (1986) (it is a violation of double jeopardy protection to prosecute for a greater offense after a conviction or acquittal for a lesser one). However, prior convictions used solely for purposes of sentence enhancement are generally not considered elements of the underlying offense. *See Almendarez-Torres v. United States*, 523 U.S. 224, 228-48 (1998); *see also State v. LeBaron*, 148 N.H. 226, 231 (2002); *McLellan*, 146 N.H. at 113.

We have not decided whether the New Hampshire Constitution's Double Jeopardy Clause applies when the State fails to submit sufficient proof of a prior conviction at sentencing. However, the United States Supreme Court held in *Monge v. California*, 524 U.S. 721, 734 (1998), that the Federal Constitution's Double Jeopardy Clause "does not preclude retrial on a prior conviction allegation in the noncapital sentencing context."

The defendant in *Monge* was convicted of a felony drug offense. Under California law, a defendant who has one prior serious felony conviction receives double the normal prison sentence. *Id.* at 724. At the sentencing hearing, the State introduced evidence of a prior conviction, and the trial court sentenced the defendant to an extended term of imprisonment. *Id.* at 725.

On appeal, the State conceded that the sentencing hearing record did not support a finding of the prior conviction beyond a reasonable doubt, but requested a new sentencing hearing. *Id.* at 725. The California Court of Appeal determined that remand for another sentence enhancement proceeding would violate double jeopardy principles, but the California Supreme Court reversed, finding double jeopardy principles inapplicable. *Id.* at 726.

The United States Supreme Court affirmed the decision. It first noted that it had "[h]istorically ... found double jeopardy protections inapplicable to sentencing proceedings because the determinations at issue do not place a defendant in jeopardy for an offense." *Id.* at 728 (quotation and citation omitted). The Court also noted that "[a]n enhanced sentence imposed on a persistent offender ... is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes but as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Id.* (quotations omitted). The Court rejected the dissent's argument that recidivism enhancement necessarily constitutes an element of the offense, and held that the sentencing determination at issue in *Monge* did not place the defendant in jeopardy for an "offense." *Id.* at 728-29. Thus, because habitual offender statutes do not define a separate offense, or even a separate element of an underlying offense with which the defendant is charged, the Federal Constitution's double jeopardy protections do not apply.

We find this reasoning persuasive in interpreting New Hampshire's Double Jeopardy Clause. Like its federal counterpart, New Hampshire's Double Jeopardy Clause bars the State from trying someone twice for the same *offense. Compare* U.S. CONST. amend. V *with* N.H. CONST. pt. I, art. 16. The sentence enhancement statute at issue in this case, RSA 632-A:10-a, III, requires a court that has found that a defendant has been previously convicted of two or more aggravated felonious sexual assault offenses to sentence the defendant to life imprisonment without the possibility of parole. Like the habitual offender statute at issue in *Monge*, the statute does not define a separate offense or even a separate element of the underlying offense of aggravated felonious sexual assault. Rather, it is a harsher penalty for the underlying crime that is considered an aggravated offense because it was repetitive. *See State v. Smith*, 144 N.H. 1, 5 (1999) (potential sentence enhancement based on prior convictions is "punishment for the defendant's recidivism"). Thus, the sentencing determination at issue in this case did not put the defendant in jeopardy for an offense.

The defendant argues *Monge* should not apply in this case because of the relative lack of severity of Monge's sentence enhancement compared to

the defendant's. He asserts that because we have concluded that our Due Process Clause mandates certain procedural protections in sentencing proceedings where a defendant faces life imprisonment without parole, *see McLellan*, 146 N.H. at 114, we should interpret the Double Jeopardy Clause to provide the defendant protection in this case.

In support of his argument, the defendant asserts that the present case is less like *Monge* than it is like *Bullington v. Missouri*, 451 U.S. 430 (1981). In *Bullington*, the United States Supreme Court held that where an original jury had decided against imposing capital punishment following a trial-type sentencing procedure, double jeopardy barred the State from seeking the death penalty at a retrial. *See Bullington*, 451 U.S. at 437-46. In *Monge*, the Court clarified its holding in *Bullington*, stating that *Bullington* established a "narrow exception" to the general rule that double jeopardy principles have no application in the sentencing context, and the Court explicitly limited *Bullington's* holding to capital cases. *See Monge*, 524 U.S. at 730-34. According to the Court, *Bullington* turned on both the trial-like capital sentencing proceedings at issue and the severity of the penalty at stake. *Id.* at 733. Regarding the severity of the penalty at stake, the Court stated:

> [A] critical component of our reasoning in [*Bullington*] was the capital sentencing context. The penalty phase of a capital trial is undertaken to assess the gravity of a particular offense and to determine whether it warrants the ultimate punishment; it is in many respects a continuation of the trial on guilt or innocence of capital murder .... Because the death penalty is unique in both its severity and its finality, we have recognized an acute need for reliability in capital sentencing proceedings.

*Monge*, 524 U.S. at 731-32 (quotation and citation omitted).

According to the defendant, our decision in *McLellan* compels the conclusion that the defendant is entitled to double jeopardy protection under our State Constitution because, like the death penalty, a sentence of life imprisonment without parole is so severe as to warrant double jeopardy protection. In *McLellan*, we held that the Due Process Clause required the State to prove beyond a reasonable doubt at the sentence enhancement proceeding that the defendant had two prior convictions. *McLellan*, 146 N.H. at 115. We reasoned, in considering the private interest at stake, that the standard of proof applied to prior convictions for sentencing might "dramatically affect the defendant's liberty" because, "[w]ith the exception of the death penalty, life imprisonment without parole is the most severe penalty that may be imposed in this State." *Id.* at 114. Our conclusion that the gravity of the potential sentence of life

imprisonment without parole requires a heightened standard of proof in order to minimize the risk of error does not, however, require us to interpret New Hampshire's Double Jeopardy Clause as applicable here. This is because a basic principle underlying the Due Process Clause, that is, to ensure the fundamental fairness of adjudicatory proceedings, differs from the basic principle underlying the Double Jeopardy Clause.

New Hampshire's Double Jeopardy Clause, like its federal counterpart, aims to prevent States from making "repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green v. United States*, 355 U.S. 184, 187-88 (1957). While we recognize that we have found New Hampshire's Double Jeopardy Clause to provide greater protection than its federal counterpart in certain circumstances, *see, e.g., State v. Hogg*, 118 N.H. 262, 266-67 (1978), we are not persuaded that we should interpret the State Constitution differently than the Federal Constitution in this context. We therefore affirm the trial court's ruling that double jeopardy did not bar the State from attempting to prove on remand that the defendant had been twice previously convicted of aggravated felonious sexual assault.

Any arguments the defendant raised in his notice of appeal but did not brief are deemed waived. *See State v. Mountjoy*, 142 N.H. 648, 652 (1998).

*Affirmed.*

NADEAU, J., concurred; PERKINS, O'NEILL and ARNOLD, JJ., superior court justices, specially assigned under RSA 490:3, concurred.