Sentence Review Division
No. 2002-753

### PETITION OF THE STATE OF NEW HAMPSHIRE
### (Sentence Review Division)

Argued: November 6, 2003
Opinion Issued: December 5, 2003

*Peter W. Heed*, attorney general (*N. William Delker*, senior assistant attorney general, on the brief and orally), for the State.

*Landya McCafferty*, assistant appellate defender, of Concord, on the brief and orally, for defendant Chad Evans.

*Law Office of Joshua L. Gordon*, of Concord (*Joshua L. Gordon* on the brief), for defendant Steven Summa.

*Philip D. Cross*, of Portsmouth, by brief, for defendant Allan Cullen.

DUGGAN, J. In these cases consolidated for appeal, the petitioner, the State of New Hampshire, seeks a writ of certiorari challenging the jurisdiction of the sentence review division (division) to hear and decide constitutional claims. We grant the petition, vacate the orders of the division and remand.

The three defendants, Chad Evans, Steven Summa and Allan Cullen, were convicted of various felony offenses and sentenced to terms of incarceration in the State prison. When each defendant was sentenced, the sentencing judge did not inform him that under a recently enacted statute, *see* RSA 651:58, I (Supp. 2002), the State could seek enhancement of his sentence by petitioning the division. In each case, the State subsequently filed a petition for sentence review.

In all three cases, the division issued an order stating that it had "reviewed the transcript of the sentencing hearing and determined that the defendant was not informed at sentencing in plain and certain terms that the state could seek an enhancement of his sentence." As a result, the division concluded that "any relief afforded to the state would violate the defendant's due process rights" and dismissed the State's petitions. The division denied the State's motion for reconsideration and the State petitioned this court for a writ of certiorari.

"Certiorari is an extraordinary remedy and is not granted as a matter of right but rather at the discretion of the court when the substantial ends of justice require such relief." *Petition of Turgeon*, 140 N.H. 52, 53 (1995) (quotation omitted). "Certiorari review . . . is limited to whether the agency acted illegally with respect to jurisdiction, authority or observance of the law, whereby it arrived at a conclusion which could not legally or reasonably be made, or abused its discretion or acted arbitrarily, unreasonably, or capriciously." *In re Ryan G.*, 142 N.H. 643, 645 (1998) (quotation omitted).

The State argues that under our holding in *Turgeon*, 140 N.H. at 53-54, the division was not empowered to determine whether granting the petition would violate the defendants' due process rights. In *Turgeon*, the petitioner argued that because his sentence violated the Double Jeopardy Clause, the division acted illegally when it upheld his sentence. *Id.* at 53. We held that the petitioner was not entitled to a writ of certiorari because, even assuming that his argument had merit, the division did not have jurisdiction to hear his constitutional claim. *Id.* at 54-55.

In *Turgeon*, we emphasized the limited jurisdiction of the division. *Id.* at 54. The division is "an administrative tribunal" comprised of superior court judges. *Id.* Its jurisdiction is defined by RSA 651:59, I (1996), which provides:

> The review division has jurisdiction: to consider an appeal with or without a hearing; to review the judgment insofar as it relates to the sentence imposed; to review any other sentence imposed when the sentence appealed from was imposed, notwithstanding the partial execution of any such sentence; to amend the judgment by ordering substituted therefor a different appropriate sentence or sentences; or to make any other disposition of the case which could have been made at the time of the imposition of the sentence or sentences under review.

Thus, we held that under RSA 651:59, I, the division is "not empowered to determine the constitutionality of a sentence" and, therefore, did not have jurisdiction to decide whether the petitioner's sentence violated the Double Jeopardy Clause. *Id.*

If, as in *Turgeon*, the division lacks jurisdiction to determine the constitutionality of a sentence generally, it likewise lacks jurisdiction to determine whether the failure to notify a defendant of the State's statutory right to appeal his sentence violates the defendant's constitutional due process protections specifically. Indeed, because the due process claim is a constitutional issue wholly apart from whether the sentence is appropriate and consistent, it is well beyond the division's statutory jurisdiction.

Moreover, the division's own rules recognize the narrow limits of its jurisdiction. The division's rules limit its scope of review to:

> (a) The excessiveness or lightness of the sentence having regard to the nature of the offense, the protection of the public interest and safety, and the character of the offender;

> (b) The manner in which the sentence was imposed, including the sufficiency and accuracy of the information before the sentencing court.

SUPER. CT. SENTENCE REV. DIV. R. 22. Nothing in the division's rules suggests that it has jurisdiction to consider constitutional claims.

■ The defendants argue that RSA 651:59, I, authorizes the division "to consider an appeal," and therefore the division's authority "is broad and must include not only consideration on the merits but also any threshold matters, such as the legality of an application, that might preclude

consideration on the merits." The quoted language of RSA 651:59, I, however, cannot be read in isolation. The full phrase cited by the defendants grants the division authority "to consider an appeal with or without a hearing." RSA 651:59, I. Read in its entirety, this phrase does not give the division broad jurisdiction to consider all appeals, but simply permits the division to consider an appeal with or without holding a hearing.

■ We conclude that the division exceeded its jurisdiction when it ruled that granting the State's petition would violate the defendants' due process rights and, therefore, we vacate the division's order. Thus, the due process issue is not properly before us and we decline to address it on the merits. *See Big League Entm't v. Brox Indus.*, 149 N.H. 480, 485-86 (2003). In their briefs, the defendants raised additional constitutional challenges to RSA 651:58, I (Supp. 2002), which we decline to address as well. *Id.*

*Petition granted; sentence review division orders vacated; and remanded*

BROCK, C.J., and DALIANIS, J., concurred.