Original
No. 2005-333

### PETITION OF GREGORIO B. GUARDARRAMOS-CEPEDA

Argued: June 7, 2006
Opinion Issued: August 2, 2006

*David M. Rothstein,* deputy chief appellate defender, of Concord, on the brief and orally, for the petitioner.

*Kelly A. Ayotte,* attorney general (*Brian R. Graf,* senior assistant attorney general, on the brief and orally) for the State.

GALWAY, J. The petitioner, Gregorio B. Guardarramos-Cepeda, challenges the constitutionality of RSA 651:58, I (Supp. 2005), which permits the State to seek sentence review, arguing that it violates the due process and double jeopardy protections of the New Hampshire Constitution. We deny the petition.

Following a jury trial, the petitioner was convicted of possession of five grams or more of heroin with the intent to sell and conspiracy to sell five grams or more of heroin. *See* RSA 318-B:2, I (2004); RSA 318-B:26, I(a)(3) (Supp. 2005); RSA 629:3 (Supp. 2005). The Trial Court (*Hicks,* J.) imposed two concurrent sentences of five to fifteen years in the New Hampshire State Prison. The petitioner's convictions were affirmed on appeal. On July 25, 2003, pursuant to RSA 651:58, I, the State filed an application requesting a review of the petitioner's sentences by the sentence review division. The petitioner's timely objection to the State's application was denied, and the sentence review board (the board) conducted a hearing on March 18, 2005.

At that hearing, the State requested an increase of the petitioner's sentences to two concurrent sentences of fifteen to thirty years based upon the large quantity of heroin involved—approximately 70 grams. The petitioner, however, asked the board to affirm the original sentences, arguing that they were reasonable in light of the facts and circumstances presented to the trial court. The board increased the petitioner's sentences to two concurrent sentences of ten to twenty years, "[g]iven the fact that the [petitioner] possessed over ten (10) times the quantity of heroin necessary to trigger the maximum term of imprisonment under the statute . . . ." This appeal followed.

As a preliminary matter, the petitioner filed this action as a discretionary appeal under Supreme Court Rule 7. *See* SUP. CT. R. 7(1)(B). The applicable statutory scheme governing Sentence Review Procedures

does not provide for a direct appeal of a sentence review decision. *See* RSA 651:58-:60 (1996 & Supp. 2005); *Bell v. State Super. Ct. Review Div.*, 117 N.H. 474, 475 (1977). Given that the petitioner alleges a violation of his constitutional rights, we will consider his claim on certiorari. *See Bell*, 117 N.H. at 475; SUP. CT. R. 11(1). Certiorari is an extraordinary remedy, which is not granted as a matter of right, but rather at the court's discretion "when the substantial ends of justice require such relief." *Petition of Turgeon*, 140 N.H. 52, 53 (1995) (quotation omitted). "Certiorari review is limited to whether the agency acted illegally with respect to jurisdiction, authority or observance of the law, whereby it arrived at a conclusion which could not legally or reasonably be made, or abused its discretion or acted arbitrarily, unreasonably, or capriciously." *Petition of State of New Hampshire*, 150 N.H. 296, 297 (2003).

Before addressing the merits, we address the State's contention that the petitioner's failure to raise the issue of the constitutionality of RSA 651:58, I, in either his objection to the State's application for sentence review or during the Sentence Review Division hearing effectively waived the issue and failed to preserve it for appeal. The general rule is that a contemporaneous and specific objection is required to preserve an issue for appellate review. *State v. Blackmer*, 149 N.H. 47, 48 (2003). "This rule, which is based on common sense and judicial economy, recognizes that trial forums should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court." *Id.* (quotations omitted). This rule, however, is not absolute. *Baines v. N.H. Senate President*, 152 N.H. 124, 128 (2005). We have previously recognized that preservation is a limitation on the parties to an appeal and not the reviewing court. *Id.* In this case, the board lacked jurisdiction to consider the constitutionality of RSA 651:58, I, and, therefore, could not have considered this issue in the first instance. *See Petition of State*, 150 N.H. at 298. Rather than relying upon this procedural barrier, however, we conclude that because this is an important issue and in the interest of judicial economy, we will address the issue.

The petitioner argues that to the extent RSA 651:58, I, allows the State to seek sentence review—and a subsequent increase in his sentence—it violates the due process and double jeopardy protections of Part I, Articles 15 and 16 of the New Hampshire Constitution. Because the petitioner relies solely upon the State Constitution, we will not engage in a separate federal analysis, but will cite federal authority as an aid to our analysis under the State Constitution. *See State v. McLellan*, 149 N.H. 237, 240 (2003).

RSA 651:58 provides, in pertinent part:

Any person sentenced to a term of one year or more in the state prison, . . . *or the state of New Hampshire,* may file with the clerk of the superior court for the county in which the judgment was rendered an application for review of the sentence by the review division.

RSA 651:58, I (emphasis added). An application for sentence review "may be filed within 30 days after the date the sentence was imposed . . . ." *Id.* When a sentence is imposed, the statute also requires the clerk to give oral and written notice to the defendant of his right to request a sentence review. RSA 651:58, II. This notice must inform the defendant that a review of the sentence "may result in a decrease or increase of the minimum or maximum term within the limits fixed by law." *Id.* An application form must accompany this notice to the defendant. *Id.*

 Due process requires a sentencing court to make clear at the time of sentencing in plain and certain terms what punishment it is exacting, the extent to which the court retains discretion to impose punishment at a later date, and under what conditions the sentence may be modified. *State v. LeCouffe,* 152 N.H. 148, 152 (2005). We have previously held that the Sentence Review Division can constitutionally increase a defendant's sentence where the defendant requested the Sentence Review Division hearing after being given adequate notice that the board may either increase or decrease the defendant's sentence. *Bell,* 117 N.H. at 476. We have also stated that a statute which authorizes courts to impose fines or imprisonment upon probation violation up to the balance of the maximum the court could have originally imposed neither violates a defendant's due process rights nor places a defendant in double jeopardy. *State v. White,* 131 N.H. 555, 557 (1989). We reasoned that at the time of sentencing, the defendant was presumed to know that if he violated the conditions of his probation, he faced the possibility of further penalty up to the maximum prescribed by the statute. *Id.* at 558. Thus, the defendant was provided with statutory notice of the extent to which the court retained jurisdiction to impose a sentence at a later date. Moreover, we have also recognized that the Due Process Clause of the New Hampshire Constitution does not require that a defendant be given actual notice of the State's intent to request an extended term of imprisonment when the underlying statute does not require such notice. *Stewart v. Cunningham, Warden,* 131 N.H. 68, 70-71 (1988).

 Here, the defendant was given statutory notice of the State's right to seek a review of his sentences. RSA 651:58, I and II provided the petitioner with statutory notice of the State's right to seek a review of the

petitioner's sentence within thirty days of the imposition of that sentence, and the extent to which jurisdiction was retained to either increase or decrease the imposed sentence after a hearing conducted by the board. Moreover, as set forth in RSA 651:58, II, the petitioner also received actual notice that review of the sentence could result in its being increased. Therefore, we conclude that RSA 651:58, I, does not violate the Due Process Clause of the State Constitution.

We next consider whether RSA 651:58, I, violates the Double Jeopardy Clause in Part I, Article 16 of the New Hampshire Constitution. We have not yet addressed whether the board's decision to increase a defendant's sentence after a review hearing conducted at the State's request impermissibly augments the sentence in violation of the Double Jeopardy Clause of the State Constitution. While recognizing that the United States Supreme Court has addressed this issue in *United States v. DiFrancesco*, 449 U.S. 117 (1980), the petitioner urges us to find that the State Constitution is more protective than the Federal Constitution regarding this issue.

In *DiFrancesco*, the respondent challenged the constitutionality of 18 U.S.C. § 3576, which authorizes increasing the sentence of a convicted "dangerous special offender," *see* 18 U.S.C. §§ 3575(b), (e) & (f), and grants the United States the right, under specified conditions, to petition the court of appeals for sentence review. *DiFrancesco*, 449 U.S. at 118-20. After the respondent was sentenced to two concurrent ten-year sentences, the United States sought review of the sentences under section 3576, arguing that the district court abused its discretion in light of its findings that the respondent was a dangerous special offender within the meaning of the statute. *Id.* at 125. The court of appeals dismissed the Government's appeal, concluding that to subject the respondent to the risk of substitution of a greater sentence, upon an appeal by the Government, violates the Double Jeopardy Clause of the United States Constitution. *Id.* at 126.

The United States Supreme Court reversed, holding that 18 U.S.C. § 3576 is constitutional and does not violate either the prohibition against multiple punishments or the prohibition against multiple trials embodied in the Double Jeopardy Clause. *Id.* at 139-40. While recognizing that the Court "necessarily afford[s] absolute finality to a jury's *verdict* of acquittal—no matter how erroneous its decision," *id.* at 130 (emphasis in original), it concluded that a criminal sentence, once imposed, is not accorded the constitutional finality and conclusiveness that attaches to a jury's verdict of acquittal. *Id.* at 132. The Court reasoned that there are "fundamental distinctions between a sentence and an acquittal," and the failure to recognize such distinctions would diminish the particular

significance of an acquittal. *Id.* at 133. It also noted that the prosecution's statutorily granted right to seek a review of a sentence does not subject the defendant to the same embarrassment, expense, anxiety, insecurity, and possibility of being found guilty even though innocent, which are double jeopardy considerations barring reprosecution after an acquittal. *Id.* at 136. Thus, while acknowledging that an appeal of a sentence may prolong the period of anxiety for the defendant, the Court concluded that it does so only for a finite period provided by statute. *Id.* Therefore, it is no more of an ordeal than any government appeal from the dismissal of an indictment or information. *Id.* Just as there is no double jeopardy protection against revocation of probation and the imposition of imprisonment when authorized by Congress, the Court held that where the legislature has specifically provided that a sentence is subject to appeal and may be increased as a result of that appeal, "there can be no expectation of finality in the original sentence." *Id.* at 137, 139.

The petitioner urges us to adopt the rationale underlying the *DiFrancesco* dissent. The dissent challenged the majority's conclusion that there are fundamental distinctions between an acquittal and the imposition of a sentence, stating: "The sentencing of a convicted criminal is sufficiently analogous to a determination of guilt or innocence that the Double Jeopardy Clause should preclude government appeals from sentencing decisions very much as it prevents appeals from judgments of acquittal." *Id.* at 146. The petitioner argues that the dissent's view comports with New Hampshire's guarantees of certainty and finality in sentencing.

We find the majority's reasoning persuasive. Like the federal statute at issue in *DiFrancesco*, RSA 651:58, I, provides for both statutory and actual notice to the defendant that the imposed sentence may be increased after a review hearing before the board. Thus, the petitioner could have had no expectation of finality until the thirty-day period to request a sentence review had passed. We have previously recognized that the legislature created the Sentence Review Division "to address a perceived inconsistency in sentencing within the State." *Petition of Turgeon*, 140 N.H. at 54. Consequently, we agree that "[t]his limited appeal does not involve a retrial or approximate the ordeal of a trial on the basic issue of guilt or innocence," *DiFrancesco*, 449 U.S. at 136, and similarly conclude that it does not violate the Double Jeopardy Clause of the New Hampshire Constitution. This conclusion comports with our interpretation of the State Double Jeopardy Clause in other contexts. *See McLellan*, 149 N.H. at 242-43 (New Hampshire's Double Jeopardy Clause, like its federal counterpart, did not bar State from seeking enhanced sentence for sexual

offender on remand, where trial court applied wrong standard of proof at original sentencing); *White*, 131 N.H. at 557-58 (statute authorizing imposition of fines or imprisonment upon probation violation up to the balance of the maximum that could have been originally imposed did not violate State Double Jeopardy Clause).

Accordingly, we hold that RSA 651:58, I, violates neither the due process nor double jeopardy protections of the New Hampshire Constitution. We, therefore, deny the petitioner's petition for writ of certiorari.

*Petition denied.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.