Hillsborough,
No. 5664.

DONNA ADIE *& a.*

*v.*

TEMPLE MOUNTAIN SKI AREA, INC.

Argued November 8, 1967.
Decided February 29, 1968.

*Edward P. McDuffee* and *Robert Kierce* ( Massachusetts ) ( *Mr. McDuffee* by brief and orally ), for the plaintiffs.

*Wyman, Bean & Tefft ( Mr. Stanton E. Tefft* orally ), for the defendant.

GRIFFITH, J. These are actions to recover damages for injuries alleged to have been sustained by the minor plaintiff while skiing at the defendant's ski area on December.30, 1965. The defendant's motion to dismiss the action prior to trial was transferred without ruling by the Trial Court ( *Keller,* J. ).

The plaintiff has alleged that Donna Adie rented skis and equipment and paid admission to the defendant's area. In addition it is alleged that she paid the defendant for skiing instructions and that the defendants were informed that she had never been on skis before. It is claimed that the defendants through their agents and servants negligently left her unattended in the ski area without proper instructions in such a position that she was caused to fall, sustaining the injuries complained of.

Defendant's motion to dismiss relies upon RSA 225-A:26 ( supp ) which reads as follows: "LIMITATIONS. I. Unless an operator is in violation of this chapter or the regulations of the board, which violation is causal of the injury complained of, no action shall lie against any operator by any skier or representative thereof; this prohibition shall not, however, prevent the maintenance of an action against an operator for negligent construction or maintenance of the passenger tramway itself or any building within the area. The venue of any action by a skier against an operator shall be the county wherein the passenger tramway base station is located and not otherwise. Each operator shall maintain liability insurance with limits of not less than ten thousand dollars for each injury.

"II. No action shall be maintained against any operator for injuries to any skier unless the same is commenced within one year of the time of injury provided, however, that as a condition precedent thereof the operator shall be notified by registered or certified mail within sixty days of said injury as to the alleged violation of this chapter. The condition precedent shall not apply to any such action which shall have accrued prior to September 30, 1965."

The motion relies upon the claim that neither the sixty days notice provision was complied with, nor was the action begun within one year. Finally the motion alleges that the accident is barred absolutely by the statute.

We consider only the issue of whether the accident as alleged falls within the statute since if it does it is barred and if it does not the limitations of actions in the statute are inapplicable.

The statute in its declaration of policy sets forth in some detail that the State of New Hampshire intends to protect its citizens and visitors from unnecessary mechanical hazards from the operation of ski tows, lifts and tramways and that while the primary responsibility for design, construction and maintenance shall rest with the operator, the State through a Passenger Safety Board will establish standards and make such independent inspections as are required to carry out this policy. RSA 225-A:1.

The statute as originally enacted in Laws 1957, ch. 254 and as amended by Laws 1959, ch. 299 contained no reference to actions which might be brought against an operator by a skier and related solely to the inspection and regulation of mechanical lift devices in ski areas. It provided for a Passenger Tramway Safety Board, authorized the Board to adopt regulations for the operation of mechanical lifts and to inspect, register and prevent the operation of unsafe devices.

Laws 1965, ch. 241 substantially amended the previous statute by adding the sections on which the defendant relies. RSA 225-A:2, 24, 25, 26 (supp). These additions to the statute define skiers, set forth the duties of operators to classify and mark trails and slopes, set forth duties of skiers, and contain the limitation and bar of actions set forth above. While regulations as authorized by the original statute cover in some detail the requirements of operators relating to the maintenance and operation of mechanical lifts no regulations have been adopted relating to the amendments of 1965. We are concerned then with the question of whether the statute bars an action for negligent instruction against an operator who has undertaken to instruct skiers.

Defendant relies upon the language of the statute which defines skier as: "A person utilizing the ski area under control of the operator for the purpose of skiing whether or not he is utilizing a passenger tramway. (b) A person utilizing the passenger tramway whether or not that person is a skier, including riders on a passenger tramway operating during the non-skiing season." RSA 225-A:2 VI (supp).

Defendant argues that the statute bars action against an operator by a downhill skier. We agree unless it is claimed the operator was in violation of the statute. The statute places the

entire responsibility for downhill accidents on the skier.

RSA 225-A:25 (supp). "DUTIES OF THE SKIER. It shall be the duty of each skier to conduct himself within the limitation of his individual ability, and to do no act or thing which can contribute to the injury of himself or others . . . .

"IV. It shall be the duty of each skier to maintain control of speed and course at all times. Except at locations approved by the board, no skier shall cross the uphill track of a J-bar, T-bar, rope tow or other similar device. The responsibility for collision by a downhill skier in such instance with any person or object shall be solely that of the downhill skier."

It should be noted, however, that the rights of a downhill skier under this statute are not completely barred since the statute specifically confers a right of action if the operator is in violation of the statute which imposes duties by way of classifying slopes and trails and notices of closed trails and trails on which maintenance crews are working. It is clear that the Legislature intended to specifically define the limitations of recovery against an operator by a downhill skier.

The only reference in the statute to instruction is contained in RSA 225-A:25 V (supp) which states: "V. Any skier who boards a rope tow, J-bar, T-bar, platter-pull, chairlift, or other similar device shall be presumed to have sufficient skiing abilities to negotiate the lift, and no liability shall attach to any operator or attendant for failure to instruct the skier on the use thereof."

Laws of 1965, ch. 241 in addition to inserting the amendments to RSA ch. 225-A repealed RSA 508:4-a which provided that actions to recover damages for personal injuries sustained "while actually engaged in skiing may be brought within one year after the cause of action accrued and not afterward." The Vermont Supreme Court construing a similar one year statute of limitations imposed upon actions to recover for injuries sustained "while participating in the sport of skiing" held that a plaintiff was not "participating in the sport of skiing" when he was ascending a hill by means of a mechanical lift. *Marshall* v. *Brattleboro,* 121 Vt. 417. Under this construction RSA 508:4-a would not have applied to this plaintiff's claim of negligent instruction.

The present statute details the duties and rights of operators and skiers in relation to tramway operation and cannot be assumed to govern activities not enumerated or referred to. See *Hackett* v. *Gale,* 104 N. H. 90. Since the statute does not regulate

instruction in skiing by operators we cannot find that it is intended to bar recovery for an operator's negligence in this area. If the Legislature had intended to bar skiers from actions against an operator for negligent instruction or negligent rental of defective equipment, some regulation of their operations in these areas would have appeared in the statute.

The action not being for breach of RSA ch. 225-A (supp) the limitation upon actions brought under that statute are not applicable.

The motion to dismiss should be denied.

*Remanded.*

DUNCAN, J., dissented; the others concurred.

DUNCAN, J., *dissenting:* Laws 1965, ch. 241, which enacted RSA 225-A:26 also repealed RSA 508:4-a (Laws 1955, 220:1) requiring any action for injuries while engaged in skiing to be brought within one year. Laws 1965, 241:3. I think it highly unlikely that this limitation would have been repealed, if the Legislature had intended the unambiguous language of RSA 225-A:26 I, to have the narrow application which a majority of the court now gives to it.