Belknap
No. 2013-543

DEAN INGRAM & a.

v.

MICHAEL C. DROUIN & a.

Argued: January 7, 2015
Opinion Issued: February 12, 2015

*Tarbell & Brodich Professional Association*, of Concord (*Friedrich K. Moeckel* on the brief and orally), for the plaintiffs.

*Getman, Schulthess & Steere, P.A.*, of Manchester (*Elizabeth L. Hurley* and *Clara E. Lyons* on the brief, and *Ms. Hurley* orally), for the defendants.

DALIANIS, C.J. The plaintiffs, Dean and Suzanne Ingram, appeal an order of the Superior Court (*O'Neill*, J.) granting summary judgment to the defendants, Michael C. Drouin and Drouin Builders, Inc. (Drouin Builders), on the plaintiffs' claims for damages. We affirm.

The record establishes the following facts. The plaintiffs own a house in Laconia. The lot on which the house sits was purchased by Drouin Builders in January 2000 and then conveyed to Drouin Builders' sole shareholder, Drouin. Thereafter, the defendants built the house, which was completed in 2001. Drouin lived there until 2005, when he sold the house to the plaintiffs. The plaintiffs contend that they did not notice any problems with the house until 2008.

In 2011, the plaintiffs brought a writ seeking damages against the defendants for their "failure to properly construct" the house. The writ alleges latent defects in the construction of the home, including the following: (1) failing to build the house with sufficient floor joists; (2) failing to follow manufacturer instructions; (3) improperly mixing different kinds of lumber in framing the floors; (4) failing to install or improperly installing carrying beams; (5) improperly constructing wall framing; (6) improperly installing the foundation and basement floor; (7) failing to install or improperly installing flashing and roofing; (8) improperly installing exterior concrete slabs and asphalt paving; and (9) improperly installing sheathing and siding. The defendants filed a motion for summary judgment, which the

trial court granted because it concluded that the plaintiffs' claims were barred by the eight-year statute of repose for "Damages From Construction," RSA 508:4-b, I (2010). This appeal followed.

In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. *Camire v. Gunstock Area Comm'n*, 166 N.H. 374, 376 (2014). If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant .of summary judgment. *Id.* We review the trial court's application of the law to the facts *de novo. Id.*

The plaintiffs argue that the trial court erroneously determined that the statute of repose barred their claims. *See* RSA 508:4-b, I. Addressing this argument requires that we interpret RSA 508:4-b (2010). The construction of a statute presents a question of law, which we review *de novo. See In the Matter of Liquidation of Home Ins. Co.*, 166 N.H. 84, 88 (2014). We are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. *Id.* We first examine the language of the statute, and, wherever possible, ascribe the plain and ordinary meanings to the words used. *Id.* Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme. *Id.*

RSA 508:4-b, I, provides, in pertinent part:

> Except as otherwise provided in this section, all actions to recover damages . . . arising out of any deficiency in the creation of an improvement to real property, including without limitation the design, labor, materials, engineering, planning, surveying, construction, observation, supervision or inspection of that improvement, shall be brought within 8 years from the date of substantial completion of the improvement, and not thereafter.

Here, the plaintiffs do not dispute that their writ constitutes an "action[ ] to recover damages . . . arising out of" alleged deficiencies in the construction of the house. RSA 508:4-b, I; *see Phaneuf Funeral Home v. Little Giant Pump Co.*, 163 N.H. 727, 731 (2012) (explaining that the language of RSA 508:4-b, I, "unambiguously encompasses all types of claims as long as they arise from a deficiency in the creation of an improvement to real property"). Moreover, there is also no dispute that construction of the house was substantially completed in 2001, when Drouin moved into the house. Thus, pursuant to RSA 508:4-b, I, the plaintiffs' claims are barred because they were brought in 2011, more than eight years after the home's construction was substantially completed.

Nevertheless, the plaintiffs argue that the eight-year statute of repose does not bar their claims because the defendants not only built the home, but also once owned and possessed it, and, therefore, are not entitled to the protection of the statute of repose. Their argument is based upon Paragraph VI of the statute, which provides:

> Nothing in this section shall affect the liabilities of a person having actual possession or control of an improvement to real property as owner or lawful possessor thereof, and nothing contained in this section shall alter or amend the time within which an action in tort may be brought for damages arising out of negligence in the repair, maintenance or upkeep of an improvement to real property.

RSA 508:4-b, VI. The plaintiffs contend that, because the defendants once had "actual possession or control" of the house as "owner[s] or lawful possessor[s]," the defendants are not within the class of individuals protected by the statute of repose. We disagree.

RSA 508:4-b, VI provides that when claims concern the "liabilit[y]" of a person "as owner or lawful possessor" of "an improvement to real property," the statute of repose contained in Paragraph I of RSA 508:4-b does not apply. Paragraph VI also provides that when the claims at issue are for "negligence in the repair, maintenance or upkeep of an improvement to real property," the statute of repose does not apply. Here, the plaintiffs concede that they have not brought any claims against the defendants for "negligence in the repair, maintenance or upkeep" of the house. Moreover, they have not alleged any claims against the defendants that are premised upon the defendants' liability as owners or lawful possessors of the house. Cf. *Rallis v. Demoulas Super Markets*, 159 N.H. 95, 99 (2009) (explaining that a premises owner owes a duty to entrants to use ordinary care to keep the premises in a reasonably safe condition, to warn entrants of dangerous conditions, and to take reasonable precautions to protect them against foreseeable dangers arising out of the arrangements or use of the premises). All of the plaintiffs' claims are premised upon the defendants' liability as builders for their failure to do such things as include sufficient floor joists, frame the floors and walls properly, and properly install flashing, roofing, exterior concrete slabs, asphalt paving, sheathing, and siding. Accordingly, the plaintiffs' reliance upon RSA 508:4-b, VI is misplaced.

The plaintiffs also mistakenly rely upon *Winnisquam Regional School District v. Levine*, 152 N.H. 537 (2005), to support their argument. In that case, it was argued that the statute of repose violated the State Equal Protection Clause, in part, "because it excludes owners and lawful possess-

ors of the property from the protected group of defendants." *Winnisquam Reg. School Dist.*, 152 N.H. at 541; *see* N.H. CONST. pt. I, arts. 1, 14. Using a test for "intermediate scrutiny" that we have since clarified, *see Cmty. Res. for Justice v. City of Manchester*, 154 N.H. 748, 759-63 (2007), we opined that distinguishing between owners and lawful possessors, on one hand, and builders and other members of the construction industry, on the other hand, was "reasonable" and rested upon "significant differences" between the two groups that bore a "fair and substantial relation" to the object of the statute of repose. *Winnisquam Reg. School Dist.*, 152 N.H. at 541 (quotations omitted).

■ Contrary to the plaintiffs' assertions, when we stated in *Winnisquam* that the statute of repose "excludes owners and lawful possessors of the property," we were merely reciting the appealing party's argument. *See id.* We were not interpreting the meaning of RSA 508:4-b, VI. As we have explained, the statute of repose does not exclude *all* owners and lawful possessors, but rather excludes from its purview claims that are premised upon their liability as such or upon their alleged "negligence in the repair, maintenance or upkeep of an improvement to real property." RSA 508:4-b, VI.

■ The plaintiffs argue that in *Winnisquam*, we "recognized that where, as here, the owner is also the builder, the Legislature permissibly distinguished among different types of builders." This is incorrect. Although we stated "when an owner both constructs and controls an improvement, it is more difficult for a court to determine when construction activities were actually completed," *Winnisquam Reg. School Dist.*, 152 N.H. at 541, this statement was dicta and did not constitute a holding that the statute of repose does not apply to builder-owners. Moreover, we have previously ruled that an earlier version of the statute was unconstitutional *because* it distinguished among members of the building industry. *See Henderson Clay Prod's, Inc. v. Edgar Wood & Assoc's, Inc.*, 122 N.H. 800, 801-02 (1982) (concluding that prior version of the statute of repose violated equal protection guarantee because it applied to architects, but did not apply to materialmen and other suppliers of labor).

In arguing that the statute of repose does not apply to builder-owners, such as the defendants, the plaintiffs also rely upon Mississippi case law. *See West End Corp. v. Royals*, 450 So. 2d 420 (Miss. 1984). Mississippi is among a minority of jurisdictions that do not extend the statute of repose to construction defendants with multiple roles. *See* Slaughter & Mears, *Rest Easy: Latent Disease and the Construction Statute of Repose*, 55 DRI FOR DEF. 44, 46 (June 2013). "The majority of courts that have addressed how a statute of repose applied to an entity that served a multifaceted role

have held that construction statutes of repose can bar a plaintiff's claim." *Id.*; *see, e.g., Pfeifer v. City of Bellingham*, 772 P.2d 1018, 1022 (Wash. 1989) (*en banc*) (explaining that statute of repose "bars actions against a builder/seller where a plaintiff alleges only negligence against the defendant in his capacity as builder"); *cf. Sonin v. Massachusetts Turnpike Authority*, 809 N.E.2d 1075, 1078 (Mass. App. Ct. 2004) (holding that the Massachusetts statute of repose, which contains no specific exclusion for owners, applies to anyone, including owners, who participates in the design or construction of an improvement and who is alleged to have committed negligence in said design or construction); *MBA Enterprises v. Northern Illinois Gas*, 717 N.E.2d 849, 851-52 (Ill. App. Ct. 1999) (determining that claims related to defendant's installation and construction of gas piping system were barred by statute of repose, but claims related to defendant's operation and maintenance of that system were not barred).

██ We agree with the majority of courts addressing the issue that, when a builder-owner is sued for his construction-related activities, the statute of repose applies. To interpret the statute of repose otherwise would be contrary to the legislature's intent in enacting it — which was to protect the building industry. *See Big League Entm't v. Brox Indus.*, 149 N.H. 480, 484 (2003); *see also* Laws 1990, 164:1. As one court reasoned, given that purpose, "[i]t would be anomalous to say that a general contractor is protected by the statute but that an owner of land who performs some or all of the functions of a general contractor is not entitled to the same protection." *O'Connor v. Altus*, 335 A.2d 545, 552 (N.J. 1975); *see Magee v. Blue Ridge Professional Bldg.*, 821 S.W.2d 839, 844 (Mo. 1991) (*en banc*) (concluding that it would "defeat the statutory purpose and lead to an absurd and unreasonable result" if Missouri's statute of repose were interpreted to exclude from its protection "a designer, planner or builder who is also a former tenant, shareholder, employee or client of the owner"); *cf. Phaneuf Funeral Home*, 163 N.H. at 731, 735 (declining "to adopt a categorical rule excluding product liability actions" from the coverage of the statute of repose and concluding that the statute protects product suppliers if they "were involved, in some way, in the creation of an improvement").

Alternatively, the plaintiffs assert that, even if the statute of repose applies to their claims, their claims are timely because the statute did not begin to run until either Drouin sold the home in 2005, or January 2011, when they "knew of both the damage to the house . . . and that the defendants' conduct proximately caused that damage."

The plaintiffs' argument that the statute of repose was tolled until Drouin sold the home is based upon *J. Criss Builder, Inc. v. White*, 35 So.

3d 541 (Miss. Ct. App. 2009). In that case, the Mississippi court decided that, because a prior decision had held that the statute of repose does not govern a builder-owner, "it logically follows that it does not commence until the builder is no longer in possession of the home." White, 35 So. 3d at 544. This logic does not apply because we, unlike Mississippi courts, have concluded that the statute of repose can, and in this case does, apply to a builder-owner.

The plaintiffs' argument that the statute of repose was tolled until 2011 is based, in part, upon their claim that the defendants fraudulently concealed or misrepresented the home's defects. See RSA 508:4-b, V(a). Pursuant to RSA 508:4-b, V(a), the statute of repose does "not apply to actions involving fraudulent misrepresentations, or to actions involving the fraudulent concealment of material facts upon which a claim might be based." Under RSA 508:4-b, V(a), "[s]uch actions shall be brought within 8 years after the date on which all relevant facts are, or with due care ought to be, discovered by the person bringing the action."

■■ The trial court determined that RSA 508:4-b, V(a) "does not apply here because the plaintiffs have not pleaded facts to support . . . a claim" of fraudulent misrepresentation. " 'Fraudulent concealment occurs when one party to a transaction by concealment or other action intentionally prevents the other from acquiring material information.' " Lamprey v. Britton Constr., 163 N.H. 252, 259 (2012) (brackets and ellipsis omitted) (quoting RESTATEMENT (SECOND) OF TORTS § 550, at 118 (1977)). "It requires something affirmative in nature designed or intended to prevent, and which does prevent, the discovery of facts giving rise to a cause of action — some actual artifice to prevent knowledge of the facts or some representation intended to exclude suspicion and prevent inquiry." Id. at 259-60 (quotation and brackets omitted). "Concealment only by silence is not enough." Id. at 263 (quotation and ellipsis omitted). Here, the plaintiffs alleged only that Drouin failed to disclose the home's structural deficiencies. As a matter of law, such allegations fail to state a claim for fraudulent concealment. See id. Accordingly, we agree with the trial court that the fraudulent concealment exception provided by RSA 508:4-b, V(a) does not apply.

The plaintiffs also argue that the statute of repose was tolled until 2011 pursuant to the discovery rule. See RSA 508:4, I (2010). The discovery rule provides:

> [W]hen the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in

the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

*Id.*

[8, 9] The plaintiffs' reliance upon the discovery rule is mistaken. We have previously explained that a plaintiff "must satisfy both the statute of repose and the applicable statute of limitations." *Big League Entm't*, 149 N.H. at 484. Thus, we have held that a plaintiff's claim "must have been filed within three years of the accrual of the cause of action but no later than eight years after substantial completion of the construction project." *Id.* Here, although the plaintiffs arguably satisfied the discovery rule, they did not satisfy the statute of repose. Accordingly, the discovery rule does not save their claims.

For all of the reasons discussed above, we hold that the eight-year statute of repose bars the plaintiffs' claims against the defendants and, thus, affirm the trial court's grant of summary judgment to the defendants.

*Affirmed.*

CONBOY, LYNN, and BASSETT, JJ., concurred.