# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0343, <u>George C. Conkey, II v. Town of Dorchester</u>, the court on March 16, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in the case. The petitioner, George C. Conkey, II, appeals an order of the Superior Court (<u>Bornstein</u>, J.) granting summary judgment to the respondent, the Town of Dorchester (Town). We affirm.

Viewed in the light most favorable to the petitioner, the record supports the following facts. The petitioner is a resident of the Town, a municipality governed by a board of selectmen (Board). The petitioner has served as the Town's highway agent for many years and most recently, in March 2012, was elected to the position for a two-year term.

In April 2012, the petitioner supervised various projects on Jackson Drive, a private Town road with emergency lane status. At a meeting in June 2012, the Board rescinded the emergency lane status of Jackson Drive, at which point it became a private road. The petitioner was present at the meeting. In October 2012, a resident of Jackson Drive spoke with the petitioner about constructing a "pull-off" adjacent to the road on which to park his vehicles because his driveway was difficult to navigate in the winter. The petitioner delivered six yards of "ditch fill" to Jackson Drive to assist the resident with the project. The pile of fill sat untouched for one to two weeks until the petitioner returned to level it during Hurricane Sandy because he considered it "an impediment to surface water drainage" and he "was concerned about public safety." The petitioner had delivered ditch fill to private properties on other occasions with no repercussions or comments from the Board.

On November 12, 2012, Board member Sherman Hallock complained to the New Hampshire State Police that the petitioner had fraudulently used Town resources, by dumping gravel and using town equipment for work on a private road that was not maintained by the Town. New Hampshire State Police Trooper Victor Muzzey investigated the complaint, but found that the alleged conduct did not rise to the level of a violation of the criminal law. The Board and the petitioner discussed the complaint at the Board's November 20 meeting. The petitioner stated that he had dumped a load of ditch fill along the edge of Jackson Drive and that he later pushed the pile over because it was

blocking water from running into a diversion ditch. The Board questioned the petitioner about his conduct, and then decided to consult legal counsel about the incident.

At its December 6, 2012 meeting, the Board voted to go into a nonpublic session. When back in public session, Hallock directed the Board's administrative assistant to terminate the petitioner's health benefits and stated that the petitioner's position would remain vacant until the following March, when the Town would elect a new highway agent. The petitioner was present during the public session of that meeting. On December 7, 2012, the petitioner received a letter stating that the Board had removed him as highway agent pursuant to RSA 231:65 (2009) because he had "provided materials to a property owner on Jackson Drive and performed work on that property owner's property despite the fact that [he] had been informed, and acknowledged, that no town materials or equipment were to be used on that private road." The letter also informed the petitioner that he could appeal his removal to the Board.

On December 17, 2012, the petitioner submitted a Right-to-Know request to the Board, pursuant to RSA chapter 91-A (2013 & Supp. 2014), in which he sought ten categories of documents. The Board's response, on January 3, 2013, included documents that were responsive to six of the categories of requested documents. As to the other four categories, the Board responded "Not Applicable."

On January 7, 2013, the petitioner filed suit against the Town in superior court, asserting three claims for relief: (1) that the court conduct a de novo hearing to determine whether his termination was arbitrary, illegal, or done in bad faith and, if so, to reinstate him; (2) in the alternative, that the court award him damages for wrongful discharge; and (3) that the court find that the Board violated the Right-to-Know Law by not producing all documents responsive to his request. The Town filed a motion for summary judgment as to all of the claims, to which the petitioner objected. The superior court held a hearing on the motion on January 30, 2014, after which the Town filed a supplemental affidavit regarding its response to the petitioner's Right-to-Know request. Thereafter, the court granted the Town's motion for summary judgment, and this appeal followed. On appeal, the petitioner challenges the court's entry of summary judgment in favor of the Town on each of his claims. We address his arguments in turn.

"In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party." Camire v. Gunstock Area Comm'n, 166 N.H. 374, 376 (2014) (quotation omitted). "If our review of that evidence discloses no genuine issue of material fact, and if the moving party is

entitled to judgment as a matter of law, we will affirm the grant of summary judgment." Id. (quotation omitted). We review the superior court's application of the law to the facts de novo. Id. Likewise, "[t]he interpretation of a statute is a question of law, which we decide de novo." State v. Etienne, 163 N.H. 57, 71 (2011) (quotation omitted).

The petitioner first argues that because the Board did not grant him a pre-termination hearing, he is entitled to a de novo hearing in superior court to review his claim that he was improperly dismissed. RSA 231:65 governs the petitioner's employment as highway agent. It states, in pertinent part:

> If any highway agent shall intentionally or deliberately refuse or neglect to comply with lawful instructions of the selectmen, or shall intentionally or deliberately refuse or neglect to carry out the duties prescribed by law for highway agents after written request by the selectmen, the selectmen may remove such agent from office. The selectmen shall file a copy of any such order of removal, under their hands, with the town clerk.

RSA 231:65. By its plain language, RSA 231:65 does not provide for either a pre-termination hearing before the Board or a de novo hearing in superior court to review the Board's termination decisions.[*] See Appeal of Doherty, 123 N.H. 508, 509 (1983) ("[I]f the legislature desires a full de novo hearing on appeal, it knows how to require it by using those words.") (quotation omitted). "When the language of a statute is clear on its face, its meaning is not subject to modification." Correia v. Town of Alton, 157 N.H. 716, 718 (2008). As there is thus no genuine issue of material fact as to whether the petitioner has a statutory right to a de novo hearing in superior court, we conclude that the court did not err in granting summary judgment in favor of the Town on this claim.

To the extent that the petitioner argues that he would have no avenue for relief absent a de novo hearing in superior court, we note that the Board's removal letter specifically informed him that he could appeal his removal to the Board. Because the statute, in effect, restricts the Board from discharging a highway agent except for "cause," we recognize that it would be strange if an individual claiming he was discharged without cause were afforded no mechanism of redress through which to obtain relief. Cf. Marquay v. Eno, 139 N.H. 708, 721-22 (1995) ("Where no established remedy exists . . . we will not

---

[*] We will not address the petitioner's due process argument – mentioned only in passing in his brief – for which he provided neither developed legal argument, nor citation to legal authority. See Appeal of Omega Entm't, 156 N.H. 282, 287 (2007) ("Judicial review is not warranted for complaints regarding adverse rulings without developed legal argument, and neither passing reference to constitutional claims nor off-hand invocations of constitutional rights without support by legal argument or authority warrants extended consideration.").

hesitate to exercise our authority to create an appropriate remedy."). However, we need not decide what, if any, judicial relief the petitioner would have been entitled to had he been denied any procedural mechanism to challenge his discharge because he was afforded such a mechanism in this case — an appeal to the Board — but did not avail himself of it.

The petitioner next argues that the superior court erroneously granted summary judgment in favor of the Town on his wrongful termination claim. We disagree. "We have consistently recognized that the prevailing rule in employment law is that in the absence of an employment contract, both parties are free at any time to terminate the employment relationship, with or without cause." Porter v. City of Manchester, 151 N.H. 30, 37 (2004) (quotations and brackets omitted). "This is commonly referred to as the 'at-will' rule." Id. Wrongful termination is an exception to the at-will rule. See id. at 37-38. In order to prove wrongful termination, the petitioner must satisfy a two-part test: first, he "must show that the defendant was motivated by bad faith, malice, or retaliation in terminating [his] employment," and second, he must show "that he was discharged because he performed an act that public policy would encourage, or refused to do something that public policy would condemn." Id. at 38. Employment is presumed to be at-will "absent an agreement to the contrary," Leeds v. BAE Sys., 165 N.H. 376, 379 (2013), or when the employment contract "is for an indefinite period of time and is terminable at will," J & M Lumber & Constr. Co. v. Smyjunas, 161 N.H. 714, 725 (2011).

Here, the petitioner's employment as highway agent was not terminable at will. To the contrary, under RSA 231:65 the petitioner could be terminated only if he "intentionally or deliberately refuse[d] or neglect[ed] to comply with lawful instructions of the selectmen," or "intentionally or deliberately refuse[d] or neglect[ed] to carry out the duties prescribed by law for highway agents after written request by the selectmen." As explained above, under the statute, the Board could remove the petitioner only for cause. Furthermore, the petitioner's employment was not for an indefinite period of time, as he was elected as highway agent for a two-year term ending in March 2014. See also RSA 231:62-a(I) (2009) (establishing a two or three-year term for highway agents). Because the petitioner's employment was for a fixed term and could be terminated only for cause, he had significantly greater protection and job security than an at-will employee.

We have never specifically addressed the question of whether a person who is not an at-will employee may maintain an action for wrongful termination, and we find it unnecessary to do so here. The petitioner does not argue generally that a non-at-will employee can properly maintain a wrongful termination action. Rather, he bases his argument in support of his right to maintain a wrongful termination action upon the theory that, without such a claim, he has no other remedy. However, as explained above, the petitioner did

have an alternative remedy — an appeal to the Board — of which he failed to avail himself.  Thus, the petitioner's challenge is based upon a faulty premise. See Petition of George, 160 N.H. 699, 707 (2010) (rejecting plaintiff's constitutional arguments because they "rest[ed] upon a faulty premise").  For this reason, and because he makes no developed argument that he is entitled to maintain a wrongful termination action regardless of the availability of other avenues of relief, we conclude that the superior court did not err in granting summary judgment for the Town on this claim.  Cf. Quinlan v. City of Dover, 136 N.H. 226, 230 (1992) (stating that where the trial court reaches the correct result but on mistaken grounds, this court will sustain its judgment if there are valid alternative grounds on which to do so).

Finally, the petitioner argues that the superior court erred in granting summary judgment to the Town on his Right-to-Know Law claim because the Town, by improperly determining that certain documents were "not applicable," did not respond to his request.  Again, we disagree.

The Right-to-Know Law ensures "both the greatest possible public access to the actions, discussions and records of all public bodies, and their accountability to the people."  RSA 91-A:1 (2013).  To effectuate this purpose, the law guarantees "every citizen . . . the right to inspect . . . and copy" all public records, with limited exceptions.  RSA 91-A:4 (2013); see 38 Endicott St. N. v. State Fire Marshal, 163 N.H. 656, 660 (2012).  "We review the trial court's interpretation of the Right-to-Know Law and its application of the law to undisputed facts de novo."  38 Endicott St. N., 163 N.H. at 660.

Although we agree with the petitioner that the Town's response of "not applicable" is not a model of clarity — a response that the petitioner did not, however, seek to clarify prior to filing suit — we do not believe that this response amounted to a violation of the Right-to-Know Law.  In a supplemental affidavit, Hallock clarified that "any response of 'Not Applicable' to the requests should be construed to mean that the Town is not in possession of any documents responsive to the requests."  Also, at the January 2014 hearing on the motion for summary judgment, the Town's counsel stated that he personally had checked the Town's files and had found nothing responsive to the subject requests.

The affidavit and statement make clear that the Town did not withhold any responsive documents.  See ATV Watch v. N.H. Dep't of Transp., 161 N.H. 746, 753 (2011) (discussing that the adequacy of an agency's search for documents is measured by "reasonableness"; that a search need not be exhaustive; and that the agency can meet its burden by producing detailed, non-conclusory affidavits that are submitted in good faith).  Instead, the Town simply did not possess documents responsive to the petitioner's request under RSA chapter 91-A.  The petitioner does not allege that the above-mentioned

5

affidavit or the statement was not made in good faith or that the Town's efforts to comply with the Right-to-Know Law were unreasonable, despite his burden to do so. See id. ("Once the agency meets its burden to show that its search was reasonable, the burden shifts to the requester to rebut the agency's evidence by showing that the search was not reasonable or was not conducted in good faith.") (quotations omitted); see also RSA 491:8-a, IV (2010) (stating that, in a motion for summary judgment, the opposing party "may not rest upon mere allegations or denials . . . [but instead] must set forth specific facts showing that there is a genuine issue for trial."). As there is no genuine issue of material fact as to whether the Town adequately complied with the petitioner's Right-to-Know request, we conclude that the superior court's grant of summary judgment in favor of the Town was not improper.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

6