# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0336, <u>Miroslav Zecevic v. US Bank National Association, as Trustee, & a.</u>, the court on September 17, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, Miroslav Zecevic, appeals the Superior Court's (<u>O'Neill</u>, J.) grant of summary judgment to the defendant, US Bank National Association (US Bank), as trustee of Residential Asset Securities Association Series 2006 EMX7 (Trust), allowing it to foreclose on Zecevic's property. On appeal, Zecevic argues that the trial court erred by ruling that: (1) he lacked standing to enforce the terms of the Pooling and Service Agreement (PSA) of the Trust; (2) there was no genuine issue of material fact regarding an agent's authority to indorse the promissory note (Note) consistent with the terms of the PSA; (3) the indorsements of the Note were proper and timely despite the fact that it was not indorsed in accordance with the PSA; and (4) US Bank "need not show" the precise date on which the Note was indorsed to foreclose on the property. We affirm.

The following facts are drawn from the trial court's order and the record, or are otherwise undisputed. In 2006, Zecevic purchased a home located in Laconia. At that time, he executed the Note, secured by a mortgage on the home, in favor of Mortgage Lenders Network USA, Inc. d/b/a Lenders Network (MLN). Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for MLN, was granted the mortgage. Afterward, through a series of indorsements that are the subject of this litigation, the Note was indorsed to be paid to US Bank. In July 2009, MERS assigned the mortgage to US Bank. In May 2010, after Zecevic had fallen behind on his loan payments, US Bank sent a notice of foreclosure sale to Zecevic. Zecevic subsequently filed a petition, against US Bank and several others, seeking injunctive and declaratory relief and damages. Among other things, Zecevic argued that US Bank had no authority to foreclose on the property.

US Bank moved for summary judgment, which the trial court initially denied, stating that US Bank had failed to produce the original Note. At the hearing on US Bank's motion for reconsideration, US Bank produced the original Note. However, Zecevic disputed the indorsements of the Note to US Bank, and the trial court found that genuine issues of material fact existed concerning these indorsements. After US Bank filed a renewed motion for summary judgment, the trial court determined that US Bank properly held

both the Note and mortgage and, therefore, had authority to foreclose. Accordingly, the trial court granted summary judgment in US Bank's favor. This appeal followed.

In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. Camire v. Gunstock Area Comm'n, 166 N.H. 374, 376 (2014). If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. Id. We review the trial court's application of the law to the facts de novo. Id.

We begin with Zecevic's argument that the trial court erred when it determined that he lacked standing to challenge US Bank's compliance with the PSA. Zecevic argues that under New York law, which governs the PSA, the failure of a trustee to comply with the PSA voids the transfer. Therefore, he argues, because the assignments are void, US Bank does not hold the Note or mortgage and has no authority to foreclose.

We recently rejected this identical argument. Pike v. Deutsche Bank Trust Co., 167 N.H. ___, ___ (decided July 15, 2015). In Pike, we stated:

[W]e join those courts that have concluded that, under New York law, an action that violates the term of a trust agreement . . . renders the transaction voidable at the election of either party to the agreement, and that a non-party to the PSA, such as the petitioner in this case, does not have standing to challenge such a transaction.

Id. (quotations omitted). Here, Zecevic, like the petitioner in Pike, is not a party to the PSA nor has he argued that he is a third-party beneficiary. See id. Consequently, we conclude that the trial court did not err when it determined that he lacked standing to challenge US Bank's compliance with the PSA. Given this conclusion, we need not address his arguments that the assignments violated the PSA.

Finally, Zecevic argues that US Bank cannot "enforce the original note if [it] does not also provide testimony as to the specific date the note was indorsed to [it]." Zecevic does not cite any provision of the Uniform Commercial Code, or other statute, in support of this assertion. Instead, he relies upon a trial court order in Deutsche Bank National Trust Co. as Trustee v. Monchgesang, No. 09-C-0200, 08-E-0210, 2012 N.H. Super. LEXIS 56 (N.H. Super. Ct. March 27, 2012). However, that order does not stand for the proposition that a foreclosing entity must, as a matter of law, provide testimony as to the exact date of an indorsement. Rather, the trial court stated that the foreclosing bank had "not demonstrated that it possessed the indorsed original

Note at the commencement of the foreclosure proceedings" because "there was no evidence that the endorsement stamp was affixed at that time." Id. at *16, 17. Here, Zecevic admits that the record contains evidence that the Note was indorsed to US Bank "between August 25, 2006 and September 5, 2006," several years before foreclosure proceedings were instituted in May 2010. Accordingly, we are not persuaded that the trial court erred when it granted US Bank's motion for summary judgment.

Affirmed.

DALIANIS, C.J., and HICKS and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**